# Warren *v.* Georgia Fire Ins. Co.

*Action on Fire Policy.*

(Decided June 11, 1914. Rehearing Denied June 30, 1914.
65 South. 843.)

*Appeal and Error; Joinder; Dismissal.*—Under the provisions of Acts 1911, p. 589, an appeal perfected by one of two defendants will be dismissed where defendant's co-defendant was not served with summons, and, notwithstanding respondents motion to dismiss, appellant defendant submitted the case without an application in the appellate court for summons and severance as to his codefendant not appealing.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by the Georgia Fire Insurance Company against J. W. Warren and M. L. Hale. From a judgment for plaintiff defendant Warren appeals. Appeal dismissed.

McCORD & ORR, for appellant. Counsel discuss the appeal on its merits, but in view of the opinion it is not deemed necessary to set out the discussion and authorities. On rehearing they insist that the record discloses three judgments, one of which is against the appellant individually, and that from that judgment he certainly has the right of appeal without summons and severance as to his codefendant.

STREET, ISBELL & BRADFORD, for appellee. The appeal should be dismissed, in accordance with the motion to that end.—Acts 1911, p. 589; 2 Mayfield 162. Counsel also discuss merits of appeal, but in view of the opinion it is not deemed necessary to set it out.

[Grimes v. City of Florence.]

THOMAS, J.—This case is submitted on the merits and on the motion of appellee to dismiss the appeal upon the ground that the judgment appealed from was, as the record shows, rendered against two defendants, while only one prosecutes this appeal, and the record fails to show that the other was served with summons, as required by Acts 1911, p. 589, to appear before this court and join in the appeal if he saw proper. In the face of this motion and of the condition of the record as noted, the appellant submitted the case in this court without application here for summons and severance as to the other defendant. The motion must therefore prevail.—Acts 1911, p. 589; *City of Montgomery v. McCabe,* 6 Ala. App. 560, 60 South. 456; 2 Mayf. Dig. 162-164, §§ 600-609, 610, 611-627, 628.

The appeal is consequently dismissed.

Appeal dismissed.