# Koger *v.* Roden Coal Co.

### Death of Employee.

(Decided November 16, 1917.   73 South. 33.)

1. **Master and Servant; Injury to Servant; Pleading and Proof.**—Where
the action was for wrongful death of a servant, the relation of master and
servant between defendant and deceased is a material averment, and must
be proven to entitle plaintiff to recover.

2. **Same; Independent Contractor.**—The servant of an independent con-
tractor is not the servant of the contractor's employer, and may not recover
of such employer for personal injuries resulting from the negligence of the
independent contractor.

3. **Negligence; Jury Question; Conjecture.**—The mere possibility that the
negligence of defendant caused the injury, without evidence thereof, is not
sufficient to carry the case to the jury, or to support a verdict.

4. **Same.**—Where the evidence is equally consistent with the existence or
non existence of negligence, it is not proper for the court to submit the

question of negligence to the jury, since the party who affirms negligence has failed to establish it.

5. **Same; Burden of Proof.**—Where the action is for death caused by negligence, the burden is on plaintiff to show the causal connection between the negligence of the defendant and the injury.

APPEAL from Bibb Circuit Court.
Heard before Hon. B. M. MILLER.
Action by Mrs. L. C. Koger against the Roden Coal Company, for damages for the death of her intestate. Judgment for defendant and plaintiff appeals. Affirmed.

JEROME T. FULLER, and J. L. DRENNEN, for appellant. ELLISON & DOMINICK, for appellee.

MAYFIELD, J.—Appellant sued under the Employer's Liability Act (Code 1907, § 3910), to recover damages for the wrongful death of her son. In the complaint there were also counts declaring on the master's common-law duty to furnish a safe place for his servants to work in, and ascribing the death of intestate to a breach of this duty. It therefore affirmatively appears that the plaintiff cannot recover unless she proves the material allegations of at least one count of the complaint.

(1-3) The relation of master and servant between the defendant and the deceased is alleged in each count; and this, being a material averment, must, of course, be proven, to entitle the plaintiff to recover. We are unable to find evidence in this record sufficient to carry this question to the jury. The undisputed evidence, as we read the record, shows that the intestate, at the time of the accident, was not a servant or employee of the defendant, but was a servant or agent of his father, who was an independent contractor, and who, as such, had engaged and contracted with the defendant to drive a heading in defendant's mine. It further shows that intestate was killed, while engaged in driving the heading, by the falling of a rock, and that this occurred before the work was accepted by defendant. It was under the contract made the duty of intestate's father to make a safe place in which defendant's employee's were to thereafter work. The father and the son were thus engaged for the very purpose of making a safe place. It was the duty of the father to see that the rock in question did not fall—to prop or remove it if necessary to prevent its falling. It was not the duty of the defendant, or of any other person except the father of intestate,

or the latter, to provide against the rock's falling. Whatever negligence there might have been in removing the coal or other substances from under the rock, or in failing to prop or to remove the rock, was the negligence of the father or of the son, both of whom were killed or injured by the falling of the stone. Unless the defendant could be made liable to the son for the negligence of the father, no possible right of recovery was shown. It is sufficient to say that there was no allegation or proof which sought a recovery on the theory of the negligence of the father. The undisputed evidence was that the duty was on the father to construct or drive back the heading, to drop it and make it safe, and to remove the debris. The work was being done for the defendant, of course; defendant paid the father therefor, and the work had to be done according to specifications furnished by defendant, and had to receive its approval. The defendant itself was not doing the work, nor was it hiring or paying the agents of the father who assisted him. Whatever liability might attach to the defendant, it was not, and could not be, on account of employing servants or agents to do the work, nor on account of the mode or manner in which the work was done, because the defendant was not to employ such aid, nor to do, or to superintend the doing of, the work. It had merely to approve or disapprove of the work, when it was done, and the work had not been completed or turned over to the defendant for approval when the accident occurred. The deceased had theretofore been in the employ of the defendant, but engaged in other parts of its work; but when his father made this contract with the defendant for driving the heading, he requested the defendant to relieve his son from the employment in which the latter was then engaged, so that the son could help the father in his work (not defendant's work) of driving the entry. The son was so relieved by defendant, and was engaged, at the time of the injury, in assisting the father, as stated. We do not mean to hold that the relation of the defendant to the father or the son thereafter was such as to relieve it from liability for its own negligence, or for that of its servants or agents, if such negligence proximately contributed to producing the injury; but what we do hold is that the only negligence shown in this cause, or attempted to be shown, which proximately contributed to the injury, was that of the father or of the son, or of their agents, and not that of the defendant, or of its agents or servants. Consequently, there can be no recovery in this case.

It is true that there was an attempt on the part of the plaintiff to prove that the falling of the rock which killed plaintiff's intestate was caused by jars, the result of a mine opening being located above the heading which intestate and his father were driving, or by jars, the result of blasting in the mine above the heading in question; but the evidence utterly failed in this respect. The most that can be said of the evidence on this theory is that there are expressions which suggest the possibility that the rock was caused to fall by negligence other than that of the father or the son. There was, however, none which could be said to support, or to tend to support, a verdict against the defendant. The mere possibility that the defendant's negligence caused the injury is not sufficient to support a verdict, or to go to the jury on the question of defendant's negligence.

(4, 5) Where the evidence is equally consistent with either view, with the existence or nonexistence of negligence, it is not competent for the judge to leave the matter to the jury. The party who affirms negligence has failed to establish it. This is a rule which ought never to be lost sight of.—1 Bailey's Personal Injuries, p. 560, § 1660. The burden is on the plaintiff to show by the evidence the causal connection between the negligence and the injury. A mere conjecture cannot be submitted to the jury, without evidence.—1 Bailey's Per. Inj. pp. 563-568, §§ 1672-1675, 1682-1688, 1694; *Scales v. C. I. & C. Co.,* 173 Ala. 644, 55 South. 821.

There was no error in overruling the demurrers to defendant's special pleas. These pleas each stated facts which, if true, were complete answers to any count of the complaint. They were pleas of contributory negligence, and not of assumption of risk, as contended by defendant, appellee here, and hence were complete answers to all counts declaring on simple negligence.

There was no error in the giving of any of the special charges requested by defendant; they each stated correct propositions of law, or hypothesized facts which, if found by the jury to be true, would prevent a verdict in plaintiff's favor.

Moreover, as we have said, under all the evidence admitted, or offered by the plaintiff in this case, the general affirmative charge should have been given for the defendant. This being true, there could have been no possible injury to the plaintiff in the giving of any of the defendant's requested charges, or in the refusing of any of the plaintiff's. The jury rendered the only proper

[Selma Street & Suburban Ry. Co. v. Vaughan.]

verdict which could have been rendered, under the issues and the evidence as shown by this record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.