(101 So. 515)

## LESSMAN v. WEST. (6 Div. 434.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

1. Municipal corporations ⊕⇒706(6)—Evidence of automobile driver's negligence held insufficient for jury.

Where defendant's act in turning his car to left of center of street immediately before collision with plaintiff's motorcycle was equally consistent with existence or nonexistence of negligence, court should not have left matter to jury.

2. Municipal corporations ⊕⇒706(7)—Affirmative charge for defendant automobile driver, improperly refused where plaintiff's testimony shows his own negligence proximately contributing to injuries.

In an action for damages, when plaintiff's motorcycle collided with defendant's automobile, court erred in refusing affirmative charge for defendant, where plaintiff's testimony showed his own negligence proximately contributing to his injuries.

3. Municipal corporations ⊕⇒706(4)—Evidence as to character of neighborhood with evidence of speed held relevant on question of contributory negligence.

Where plaintiff on motorcycle when passing store was going from 35 to 40 miles an hour, and he had not passed out of witnesses' view, standing there, when collision with defendant's automobile occurred, evidence showing that such point was a populous neighborhood, in connection with evidence of speed, was relevant as to plaintiff's contributory negligence.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Action for damages by J. M. West against William Lessman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Brown & Griffith, of Cullman, for appellant.

The general affirmative charge should have been given at defendant's request. L. & N. v. Jones, 191 Ala. 488, 67 So. 691; Koger v. Roden Coal Co., 197 Ala. 476, 73 So. 33; Scales v. C. I. & C. Co., 173 Ala. 644, 55 So. 821; Warden v. L. & N., 94 Ala. 277, 10 So. 276.

F. E. St. John, of Cullman, for appellee.

The affirmative charge was properly refused to defendant. Sou. Exp. Co. v. Malone, 16 Ala. App. 414, 78 So. 408; Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40.

BRICKEN, P. J. This action is by the appellee against appellant for personal injury and property damage alleged to have proximately resulted from the negligence or wanton operation of an automobile by the defendant on a public street in the city of Cullman. There are two counts in the complaint. The first ascribing the injury to the negligence of the defendant in "so operating his automobile that the same ran against the motorcycle upon which the plaintiff was riding." The second count ascribes the injury to the wantonness on the part of the defendant in the operation of his automobile. The defendant pleaded the general issue in short by consent, with leave to give in evidence any matter that would be a good defense if specially pleaded. At the conclusion of the evidence the court, on defendant's request, gave in writing the affirmative charge in his

favor as to the second or wanton count, and charged the jury that the plaintiff, according to his own admission, was guilty of contributory negligence, but refused the affirmative charge requested in writing by the defendant.

The question submitted to the jury was whether or not the defendant was guilty of negligence proximately causing plaintiff's injury, and, if so, whether plaintiff's negligence proximately contributed thereto.

The collision between plaintiff's motorcycle and defendant's automobile occurred on January 31, 1923, in the daytime, on the "Bremen road" a public street in the city of Cullman, near the front of the Methodist church, and near where "Buettner street" intersected the Bremen road. The Bremen road was at the point of collision from 30 to 50 feet wide, and the point of collision was slightly to the left of the center of the street looking north. The motorcycle occupied about 3 feet of space from side to side, and the automobile from 6 to 7. The defendant, driving his automobile north on the Bremen road, according to the evidence, from 5 to 15 miles per hour, approached the place of the collision over a rise, and, as he passed over the crest of the hill, he heard and saw the motorcycle approaching, passing another automobile going in the same direction as the motorcycle. Immediately before the collision, defendant turned his car slightly to the left of the center of the street, his testimony in respect to this act being:

"I discovered he was going to run into me when he was at a point about 100 feet from me, and he was coming right towards me and I veered a little, but if I had not turned the least bit he would have run into the front of it. I turned to the left before he struck me because he was coming right into me."

The plaintiff, as his testimony shows, was a motorcycle policeman, making his usual rounds, not attempting an arrest, and was driving his motorcycle in excess of 15 miles an hour, the speed limit fixed by ordinance of the city. Immediately before the collision he passed an automobile driven by Mr. Hamrick going in the same direction as plaintiff, and he says, referring to his discovery of defendant's approach:

"I saw him at the time I passed Mr. Chamber's house somewhere. I passed this gentleman in an automobile going in the same direction I was. As soon as I cleared him I saw the car I collided with immediately in front of me, somewhere about 150 feet or more. He was coming in town just over the top of the hill. Not right in the intersection of the two roads branching out east and west, and the road continues south, that road intersects right on the knuckle of the hill; top of the hill. I saw him as he came over the hill; saw he was in the intersection. I don't know how far he run before the collision, probably 30 feet. He ran 30 feet while the motorcycle ran 150 feet, might have been something like that. * * * When I first saw him he was something like 150 feet from me after I passed Mr. Hamrick."

Plaintiff's evidence, as we have stated, shows that he was going in excess of the speed limit, between 15 and 20 miles per hour, and he finally fixed it at about 18 miles per hour, but other evidence in the case shows that he was moving between 35 to 50 miles per hour. In respect to his speed at the instant of the collision, plaintiff said: I could not say how fast I was going right at that instant."

[1, 2] The defendant was driving a Dodge car which he had been using about two years, and the plaintiff was driving a Harley Davidson motorcycle, which had been used about nine months. As the result of the impact or collision, as shown by the undisputed evidence, the engine of the automobile was choked; the front of the automobile was pushed about 7 feet to the left; 6 inches of the frame of the Dodge car was broken off; the fender of the car was driven against the front wheel so that the car could not be moved until the fender was straightened; the motorcycle and its rider "bounced up" and the force of the collision and fall was sufficient to knock the rider of the motorcycle unconscious; his jawbone was broken, his teeth were knocked out, his head was bruised and his leg injured, and he was laid up for 21 days before he was able to be out; and the motorcycle, practically new, was converted into a worthless mass of junk. The only evidence relied on by the plaintiff to show negligence on the part of defendant is that showing that he turned his car to the left of the center of the street immediately before the collision. This act of the defendant under the circumstances disclosed in the evidence is as consistent with either view, the existence or nonexistence of negligence. In such circumstances the Supreme Court has said:

"Where the evidence is equally consistent with either view, with the existence or nonexistence of negligence, it is not competent for the judge to leave the matter to the jury. The party who affirms negligence has failed to establish it. This is a rule which ought never to be lost sight of." Koger v. Roden Coal Co., 197 Ala. 476, 73 So. 33; Scales v. C. I. & Coal Co., 173 Ala. 644, 55 So. 821.

However, if we should grant the contention that the defendant's turning his car to the left of the center of the street immediately before the collision, authorized the jury to find that he was guilty of negligence proximately causing plaintiff's injury and damage, the plaintiff's negligence, without doubt, proximately contributed to his misfortune, and for this reason he should not recover.

"In the modern cases, many categories of fact are held sufficient to take from the jury the inquiry of contributory negligence, and direct that it be ruled on by the court as matter of law. Of course, to come within this

rule, the testimony must be sufficient in itself to bring the true and complete state of the inculpating facts before the mind of the court, without the aid of inferences to be drawn, and there must be no conflict in the testimony which proves the conduct relied on as contributory negligence." L. & N. R. R. Co. v. Webb, 90 Ala. 185, 8 So. 518, 11 L. R. A. 674.

The Supreme Court in Ledbetter, Adm'r, v. St. Louis & S. F. Ry. Co., 184 Ala. 462, 63 So. 987, cited with approval the following utterances of the Supreme Court of Pennsylvania in Penn. R. R. Co. v. Weber, 76 Pa. 157, 18 Am. Rep. 407:

"It is true that, when the plaintiff's own evidence discloses contributory negligence, there can be no recovery; but if it does not, the burden is on the defendants to disprove care; and in such case the question of negligence is for the jury."

In the instant case the plaintiff's testimony shows his negligence. The court erred in refusing charge 18—the affirmative charge —as well as charge 1 requested by the defendant. Ledbetter, Adm'r, v. St. Louis & S. F. Ry. Co., 184 Ala. 457, 63 So. 987; Dowdell et al. v. Beasley, 17 Ala. App. 100, 82 So. 40.

[3] Kinney's store was on the same street as the collision, and there was evidence showing that plaintiff when he passed this point was going from 35 to 40 miles an hour; he had not passed out of view of the witnesses standing at Kinney's store when the collision with defendant's automobile occurred.

The defendant was not limited to showing a violation of the ordinance fixing a speed limit as a basis for contributory negligence under the issues formed in this case, and the point where Kinney's store is located is so related to the point of the collision that we are of opinion that evidence showing that this was a populous district or neighborhood, in connection with the evidence of speed, was relevant on the question of plaintiff's contributory negligence, and evidence of this nature should have been received.

It is a familiar rule that "care" and "negligence" are terms entirely relative, varying in degree with every possible change of circumstances. It is manifest that "ordinary care" may mean very slight care in one state of circumstances, and comparatively very great care in another. One may drive a vehicle over a country road at a rapid rate of speed, and yet be free from every imputation of negligence, while, if he drive at the same rate through the streets of a populous city, he would be guilty of the grossest want of care. Yet, the measure of his legal duty in each case would be the exercise of ordinary care, graduated to suit the hazards of each changing exigency. Matson v. Maupin & Co., 75 Ala. 312; Williams v. Tyler, 14 Ala. App. 615, 71 So. 51; City Gadsden & Attalla Ry. Co. v. Bullard, 157 Ala. 618, 47 So.

578; E. T. and V. & G. A. R. R. Co. v. Deaven, 79 Ala. 221; L. & N. R. R. Co. v. Webb, 97 Ala. 311, 12 So. 374; A. G. S. R. R. Co. v. Guest, 144 Ala. 379, 39 So. 654; S. & W. Ry. Co. v. Meadors, 95 Ala. 141, 10 So. 141.

Other questions are presented in the record, but we deem what we have said a sufficient guide for another trial, and for the errors pointed out the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.