(120 So. 469)

## SMITH v. STATE.  (6 Div. 477.)

Court of Appeals of Alabama.  Oct. 9, 1928.

Rehearing Denied Oct. 30, 1928.  Affirmed on Mandate Feb. 26, 1929.

Palmer H. Bell, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and J. Q. Smith, Asst. Atty. Gen., for the State.

SAMFORD, J.  All of the questions presented on this appeal may be considered and determined upon the agreed statement of fact.  All other questions are either free from error or have been waived, either expressly or by counsel in brief.

■ This prosecution originates under act of the Legislature, approved August 23, 1927, and designated Alabama Carrier Act of 1927 (Acts 1927, pp. 309-324), the pertinent parts of which are as follows:

"After three months from the going into effect of this act, no motor carrier shall operate for the transportation of persons or property for hire between fixed termini or over a regular route upon any public highway in this state without first obtaining from the commission under the provisions of this act, a certificate to the effect that public convenience and necessity require such operation."

The affidavit followed substantially the wording of the statute, was sufficient to charge an offense, and was not subject to any ground of demurrer interposed. The filing of a statement by the solicitor was waived.

The penalty for the violation of the act is specifically provided in section 45 of the act as follows:

"Any person who violates or fails to comply with provision of this act, or who fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand or requirement, or any part or provision thereof of the commission, or who aids or abets any person in failure to observe or comply with any such order, direction, decision, rule, demand or requirement, or any part or provision thereof, shall be guilty of a misdemeanor, and shall be punishable by a fine of not less than fifty dollars ($50.00) and not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment in the discretion of the court."

That part of the agreed statement of facts applicable to this case is here set out:

"That the defendant did operate a motor vehicle, to wit, an automobile, during the month of May and subsequent to November 23, 1927, and prior to the 28th day of May, 1928, on the public highway between North Birmingham, Ala., and New Castle, Ala., for the transportation of passengers for hire. That as occasion presented itself, or at the request of his passengers, he would occasionally deviate and go to points off of the highway. That he operated on no fixed schedule and did not hold himself out to the public as operating from any fixed point at any definite time, but would receive passengers and discharge passengers at various points both on and off of the main highway, and would transport passengers, as occasion demanded, at their request, to other points in the vicinity other than New Castle and North Birmingham. That the distance from North Birmingham to the farthest point gone by the defendant is less than 15 miles. That defendant has never made application to the Alabama Public Service Commission for a certificate of necessity and convenience, and that no authorization or permit has been granted defendant by said commission to operate as a motor carrier. That some time in December citation was issued by the Alabama Public Service Commission to defendant to show cause why he should not be declared to be a motor carrier, and that, on the hearing thereof, the said Alabama Public Service Commission declared defendant to be a motor carrier and ordered him to desist and to cease all further operations as such over said route until duly authorized by said commission."

■ As defined by section 2 (c) of the act, supra, a "motor carrier" includes:

"Every person that now or may hereafter own, lease, control or operate any motor vehicle, with or without trailer or trailers attached, upon any public highway of this State as a common carrier for the transportation of passengers or property for hire, between fixed termini, or over a regular route, even though there may be periodic or irregular departure from said termini or route."

It is contended by appellant that section 2, Acts 1927, p. 332, has the effect of modifying section 2 (c), Acts 1927, p. 309, supra, in that a "motor carrier," to be under the jurisdiction of Alabama Public Service Commission as fixed by Alabama Motor Carrier Act of 1927, must be either operated over, along, and upon a definite and substantially fixed route the length of which is more than 15 miles, or between definite and substantially fixed terminal points if under 15 miles. We do not think this position is tenable. The Act of August 25, 1927, supra, is purely a revenue bill, and the vehicles named therein are merely classified for license purposes, and does not attempt to withdraw the "jitney bus" from the jurisdiction of the Alabama Public Service Commission. There is no conflict between the two statutes above discussed.

■ We are therefore remitted to the Alabama Motor Carrier Act of 1927, § 2 (c). To be guilty under the above section, defendant must have operated a motor vehicle upon a public highway of the state as a common carrier for the transportation of passengers or property for hire, between fixed termini or over a regular route.

The evident intent of the Legislature was to place under the jurisdiction of the Alabama Public Service Commission those vehicles operating after the manner of railways, which maintain regular stations for taking on and putting off passengers and freight, and street railways which have a fixed route, though stopping at irregular intervals for the convenience of their patrons, and this though for various reasons the motor vehicle might deviate from a fixed schedule or from the usual route travelled. We are strengthened in this conclusion by section 2 (h) of the act, which reads:

" 'Fixed termini' or 'regular route,' as used herein or in any certificate issued hereunder, shall mean the termini between which or the route over which such motor carrier shall usually or ordinarily operate, though departures from such termini or route may be periodical or irregular."

It would be impossible for a motor vehicle to follow a fixed route without two termini, and hence, when the statute says "between fixed termini" and "over a regular route" it is only a different way of saying the same thing.

Under the agreed facts in this case, defendant "operated on no fixed schedule," and did not hold himself out to the public as operating from any fixed point at any definite time, but would receive passengers and discharge passengers at various points both on and off the main highway, and would transport passengers, as occasion demanded, at their request, to other points in the vicinity other than New Castle and North Birmingham. However defendant's vehicle may be designated, or by whatever name called, it is nothing more than a "hack" cruising for fares within a certain territory, and does not come under the jurisdiction of the Alabama Public Service Commission by virtue of the act known as the Alabama Motor Carrier Act of 1927. It follows that the judgment of the lower court must be reversed, and a judgment will be here rendered discharging the defendant.

Reversed and rendered.

PER CURIAM: Affirmed on authority of Smith v. State, 218 Ala. 669, 120 So. 471.