162 So. 541

## HOOD v. STATE.

### 8 Div. 12.

Court of Appeals of Alabama.
Feb. 26, 1935.

Rehearing Denied March 19, 1935.

Affirmed on Mandate June 28, 1935.

Seybourn H. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The appellant (defendant below) was tried in the Morgan county court upon an affidavit which charged (1) that he operated, as a contract carrier or common carrier of persons, a motor vehicle for hire upon a public highway of the state of Alabama without having a distinguishing plate conspicuously displayed on the front or rear of such vehicle, in violation of section 10 of an act of the Legislature of Alabama approved October 28, 1932 (General Acts 1932, Ex. Sess., pp. 178, 181); and (2) that he operated, as a contract carrier or common carrier of persons, a motor vehicle for hire upon a public highway of the state of Alabama without a permit in violation of section 5 of the Legislature of Alabama approved October 28, 1932 (General Acts 1932, Ex. Sess., pp. 178, 180).

The case was tried before a judge without a jury upon an agreed statement of facts. The judge found the defendant guilty as charged in the affidavit, and assessed a fine of $50 as punishment for the offense, together with the costs of the prosecution. From said judgment this appeal is taken.

The agreed statement of facts shows that the defendant had complied with section 13 of an act of the Legislature of 1923 (Acts 1923, pp. 284, 286), which act provided a license for each automobile or motorcar used for transportation of passengers paying fare, and that he had and displayed the tags required by said act; contracted to carry persons from any place in the county to any specific destination, either within the state or county or without the state, for a fee or charge which varied with the length of the

508

trip. He did not have any established route.

It is admitted in said agreed statement of facts that the defendant did not display on his automobile the tag as required by section 10 of the so-called "Motor Carrier Act of 1932," nor did he have a permit as required by section 5 of said act.

██ In a sense every person, firm, or corporation operating a motor vehicle for hire is a contract carrier, but every such contract carrier is not a common carrier. As used in section 5 of Acts 1932, Ex. Sess., pp. 178, 180, contract carrier and common carrier are used in the same sense, and, in order to charge this defendant as a contract carrier, he would be a common carrier and to hold himself out to the general public as a contract carrier or common carrier as contradistinguished from one who operates an automobile or motorcar for the transportation of passengers for hire in accordance with independent contracts which he was free to make with such persons as sought to contract with him and he desired to carry. The distinction between a public or common carrier of passengers and a special or private carrier of same is that it is the duty of the former to receive all who apply for passage, so long as there is room and no legal excuse for refusing, while such duty does not rest upon the latter. Indianapolis Tract., etc., Co. v. Lawson (C. C. A.) 143 F. 834, 5 L. R. A. (N. S.) 721, 6 Ann. Cas. 666; Orr v. Boockholdt, 10 Ala. App. 331, 65 So. 430.

█ Operating his automobile under a license issued under section 13, Acts 1923, p. 286, the defendant was free to accept or reject employment either as to the person or service to be rendered. Under the facts in this case, the defendant was a private and not a common carrier within the meaning of the statute, and as such is not required to obtain a permit under section 5 of the Acts of 1932, Ex. Sess., supra.

We are led to the foregoing conclusion by the reasoning of Mr. Justice Holmes in Terminal Taxicab Co. v. Kutz, 241 U. S. 252, 36 S. Ct. 583, 585, 60 L. Ed. 984, wherein he says: "Although I have not been able to free my mind from doubt, the court is of opinion that this part of the business [hiring automobiles] is not to be regarded as a public utility. It is true that all business, and, for the matter of that, every life in all its details, has a public aspect, some bearing upon the welfare of the community in which

it is passed. But, however it may have been in earlier days as to the common callings, it is assumed in our time that an invitation to the public to buy does not necessarily entail an obligation to sell." In the instant case, while the defendant was open to carry passengers in his automobile and to charge for the service rendered, he was not obliged to take and contract with any and all persons. The decision rested with him as to whether he would enter into the contract, and therefore defendant's business was private rather than public.

The judgment is reversed, and one will here be rendered discharging the defendant.

Reversed and rendered.

PER CURIAM.

Affirmed on authority of Hood v. State, 230 Ala. 343, 162 So. 543.