175 So. 264

### HARBIN v. MOORE et al.

### 8 Div. 775.

Supreme Court of Alabama.

June 3, 1937.

Lanier, Price & Shaver and Griffin & Ford, all of Huntsville, for appellees.

Watts & White and Wm. H. Blanton, all of Huntsville, and John R. Thomas, Jr., of Montgomery, for appellant.

GARDNER, Justice.

In this action the trial court gave the affirmative charge for defendants upon the theory no actionable negligence had been made to appear, and this is the question of prime importance on this appeal.

That defendant Jackson was, on the occasion in question, operating on the public highway a truck and trailer for defendant Moore, and within the line and scope of his authority, is without controversy.

Two questions are presented: First, was the proof sufficient for submission to the jury that it was defendants' truck operated by Jackson that struck and killed plaintiff's intestate; and, second, if this is answered in the affirmative, was there proof which sufficed for a reasonable inference by the jury of Jackson's negligence in the premises? The statement of the trial judge indicates his ruling was based upon this latter theory as to a failure of proof of negligence, and not upon an insufficiency of proof as to the former question. These two questions are properly combined in the matter of discussion of the facts. And as to the applicable principle of law no controversy arises.

It is of course well recognized that in no case is negligence assumed from the mere fact of an injury, and that the scintilla doctrine prevailing in this state does not conflict with the well-known rule that a conclusion as to liability that rests upon speculation or mere conjecture is not the proper basis for a verdict.

As to this latter rule, in the recent case of Georgia Power Co. v. Edmunds, 233 Ala. 273, 171 So. 256, 258, approvingly quoted from Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665, is the following language here pertinent:

" 'Proof which goes no further than to show an injury, could have occurred in an alleged way does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.'

"But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence."

Many of our cases have in varying language expressed the same thought. Southern R. Co. v. Miller, 226 Ala. 366, 147 So. 149; Mobile & Ohio R. Co. v. Hedgecoth, 215 Ala. 291, 110 So. 44; Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Carraway v. Smith, 218 Ala. 412, 118 So. 758; Bromley v. Birmingham Mineral R. Co., 95 Ala. 397, 11 So. 341; Cooper v. Agee, 222 Ala. 334, 132 So. 173; Brown Funeral Homes & Ins. Co. v. Baugh, 226 Ala. 661, 148 So. 154; Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33.

Each case turns upon its own peculiar facts, and other cases are helpful only by way of analogy. Of the authorities above noted, perhaps that of Cooper v. Agee, to which brief reference will hereinafter be made, is more nearly in point.

As to the facts we need indulge in no detail discussion. Plaintiff's intestate on the night of May 4, 1935, was found in a dying condition by passersby on the highway about eight miles from Huntsville, lying beside the road, his feet just off the road, hanging over the curb, in the ditch. Defendant Moore's truck was some twenty or thirty feet beyond, and his driver, Jackson, was present, with evidence tending to show deceased was first in the ditch, and had been pulled out by Jackson to the side of the road. The truck is referred to as a "dual wheel trailer" with sideboards about four feet high from the bed of the truck, and extending out to the edge of the fenders or a little beyond. Deceased had been struck on the back of the head. The surface of the road (thirty-five feet in width) was gravel, except about eighteen or twenty inches along the edge of the ditch. The ditch on the right of the road was two feet wide and fifteen or eighteen inches deep. The imprint of the body of deceased was in the ditch, also blood, brains, and hair. The hair was gray, and resembled that of deceased.

And from the tracks, identified as those made by deceased, the jury could reasonably infer from the proof that deceased, at the time he was struck from the rear, was walking just off the gravel part of the road and near the ditch. It had rained the night before, and some of the witnesses testified as to the location of dual wheel tracks discovered on the surface of the road, which at that time was wet. Where was located the blood in the ditch and along its bank, these dual wheel truck tracks were about eighteen inches from

the edge of the ditch, and these tracks continued on from this place. Two places indicated a slide of the wheels by. application of brakes just eight or ten feet from the place of the accident, and again some twelve or fifteen feet further and beyond. Defendant's truck was traveling away from Huntsville, and deceased was walking in the same direction; that is, such may be reasonably inferred from the proof. These dual wheel truck tracks were examined some thirty or forty feet back towards Huntsville, with no indication of a sliding of the wheels before the point of the accident. They started about two feet from the edge of the ditch, and varied little up to the place of the accident where the wheels made a short curve, and the witness states there were no other tracks along the right-hand side of the road next to the ditch, other than those mentioned. And these wheel tracks for a distance of ten steps back were about eighteen inches from the edge of the ditch and off the gravel.

There was a hole on the back of the head of deceased "a little longer cross ways than * * * up and down," and on the "left side of the center of the head," as testified to by one witness, though conflicting with the statement of another witness in this particular.

The tracks of a human being along the side of the road and near the ditch came closer to the edge as they approached the scene of the accident, and the last step made the dirt fall off in the ditch and crumble.

Defendant Jackson, answering plaintiff's interrogatories, testified as to his operation of the truck on this night going away from Huntsville, and that he did see deceased at one time within a few feet of the truck, but does not know the truck struck him; that the surface of the highway was gravel, and he does not remember operating the truck over twenty miles per hour, and could have stopped within fifteen feet at any time; that his brakes and lights were in good condition; that he could see "down the road ahead of him about the distance one can usually see with good lights."

And when Jackson's answers are read in the light of the inquiries to which they responded, we think a proper and reasonable interpretation thereof is to the effect that he saw deceased while he was yet walking, and not prone upon the ground

as counsel argue. We think this the natural construction of the language used, and is therefore entirely justified here. Recalling the fact that Jackson had stopped his truck only a few feet beyond, was present immediately following the accident and rendering assistance, the jury may very reasonably have inferred that deceased was struck by the truck driven by Jackson, and that Jackson so realized it at the time, though not conscious at the very moment of impact that he had run against deceased.

The fact there was no eyewitness does not present an insuperable obstacle, if proven circumstances suffice, for it is well established that both the cause of an injury and the question of actionable negligence may be established by circumstantial evidence, with the qualification, recognized by the authorities, that the circumstances must be proven and not themselves presumed. Mobile & Ohio R. Co. v. Hedgecoth, 215 Ala. 291, 110 So. 44.

Here the circumstances are proven, and not presumed. And from this circumstantial proof, we think it clear enough that it may be reasonably inferred plaintiff's intestate was struck and killed by defendant Moore's truck, driven by defendant Jackson, on the night of the accident. We think the proof "points to plaintiff's theory of causation, indicating a logical sequence of cause and effect." Georgia Power Co. v. Edmunds, supra.

And we reach a like conclusion upon the matter of actionable negligence. Plaintiff's intestate was in the lawful and prudent use of the highway, the evidence tending to show he was walking on the edge of the roadway and off the gravel surface very near the ditch. He was of course not a trespasser, and the driver of a truck was under duty to keep a lookout for those also using the highway, each owing the other the duty to exercise reasonable care. Cooper v. Agee, supra; Harrison v. Mobile Light & Railroad Co., 233 Ala. 393, 171 So. 742.

A motorist, as held in the Agee Case, supra, must exercise due care to anticipate the presence of others on the highway, and not injure him upon becoming aware of his presence, and is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a traveler whom he could have discovered in time

to avoid the injury in the exercise of reasonable care.

Here the operator saw deceased within a few feet of the truck. From the proof the jury could reasonably infer deceased was walking off the gravel surface of the road, and the operator driving to the extreme right saw him, but too late, as the circumstances indicate an application of brakes beyond, and not at or before the place of the accident. It may be inferred also that the operator did not take into account the raised body of the trailer, and its extension to, and perhaps even beyond, the fenders of the vehicle, and that such protruding body or some portion thereof struck and killed plaintiff's intestate. And we think the jury could infer from the circumstantial proof that Jackson, the operator of the truck, by the exercise of proper care and prudence, could have seen deceased in ample time to have avoided striking him, as his lights were in good condition, and his speed such as to bring the car to a stop within a few feet. They may have inferred, therefore, negligence on the part of the operator in failure to discover deceased in time to have averted the fatal injury.

As to Cooper v. Agee, supra, plaintiff insists, upon the question of negligence, that the doctrine of res ipsa loquitur, given application in that case, is applicable here. But resort to that doctrine is not essential to plaintiff's case, and its consideration may well be here pretermitted, as we are persuaded from the proof offered under all the circumstances a jury question was made out as to the negligence of the operator of the truck. The affirmative charge was, therefore, in our opinion, erroneously given.

Defendant Moore made application to the Public Service Commission for permit to operate as a contract carrier under the terms of the Act of October, 1932 (General Acts 1932, Special Session, p. 185; section 6270 [115] et seq., 1936 Cumulative Supp. to Michie's Code of Alabama 1928), and executed bond with Lumbermen's Mutual Casualty Company, joined as a party defendant in this suit. McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291; Fidelity & Casualty Co. v. Jacks, 231 Ala. 394, 165 So. 242; Service Stages v. Central Surety & Ins. Co., 231 Ala. 417, 165 So. 248; McWhorter v. Williams, 228 Ala. 632, 155 So. 309. The policy bears the indorsement of the commission, that it was written in pursuance of the above-cited act, and is to be construed in accordance with its terms. Fidelity & Casualty Co. v. Jacks, supra. Both Moore's permit, and the insurance policy issued, give description of a truck conforming to that driven by Jackson on the night of the accident. It was loaded with ear corn, and was being operated by Jackson for defendant Moore, and within the radius of the territory described in the permit and the policy.

And in answer to interrogatories Moore stated that he was the owner of the truck (describing it), and that at the time of the accident it was being operated by him or his agent under a permit and certificate of convenience duly issued, and that he had complied with the laws of this state in filing bond or insurance policy, duly approved, for the protection of the public against damages sustained. The policy issued by defendant Lumbermen's Mutual Casualty Company was in evidence. Defendants offered no proof of any character.

But for the insurance company the insistence is the proof was insufficient to sustain the averments of the complaint that defendant Moore was operating the truck at the time as a contract carrier, citing American Fidelity & Casualty Co. v. Werfel, 231 Ala. 285, 164 So. 383; Hood v. State, 26 Ala.App. 507, 162 So. 541, here reviewed and reversed in Hood v. State, 230 Ala. 343, 162 So. 543; Smith v. State, 23 Ala.App. 65, 120 So. 469; 42 Corpus Juris 646.

But these authorities bear little analogy to the instant case, and need no separate discussion here.

We think it clear enough the proof above outlined on this question makes out a prima facie case of liability, and if any reason appears against recovery as to the insurance company, it is defensive matter. 42 Corpus Juris, 800.

We therefore conclude there was error to reverse in giving the affirmative charge as to defendant insurance company as well as the other defendants.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.