194 So. 171

**W. F. COVINGTON PLANTER CO. et al.
v. ROBERSON.**

4 Div. 132.

Supreme Court of Alabama.
Feb. 22, 1940.

G. D. Halstead, of Headland, and W. L. Lee and Alto V. Lee, III, both of Dothan, for appellants.

Chas. O. Stokes, of Ozark, for appellee.

ANDERSON, Chief Justice.

It is unquestionably the law that while a complaint of this character need not set out the quo modo and may charge negligence in general terms, yet it must disclose facts sufficient to show a duty owing the plaintiff by the defendants not to negligently injure him. The present complaint, however, shows that the plaintiff's child was not a trespasser and was at a place where the defendants owed him the duty not to negligently run a car over or against him. Cooper v. Auman, 219 Ala. 336, 122 So. 351; Harbin v. Moore et al., 234 Ala. 266, 175 So. 264.

The complaint could have well been more definite or specific as to the place on the road where the accident occurred, but there was no ground of demurrer as to the indefiniteness of the place of the injury.

The case of Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443, and others cited by appellants' counsel are entirely different from the present case both in point and by way of analogy.

The trial court did not err in not permitting the defendants to prove statements of Pride, the truck driver, and one of the defendants, that he had no cigarettes the afternoon of the injury. It was but a self-serving declaration. Alexander v. Handley, Reeves & Co., 96 Ala. 220, 11 So. 390.

There was no error in refusing the requested general charge of the defendants other than Pride. It was clearly a question for the jury as to the negligence of Pride, the driver, and whether or not he was operating the truck as the servant of the Covington Company and was not using the same in and about its business and with its consent, express or implied. Nor was there error in refusing the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.