JONES, Justice.
This appeal, in a personal injury claim arising out of an automobile accident, challenges the propriety of the trial Judge’s grant of the defendants’ motion for directed verdict. We affirm as to the appellee, Jimmy Whitfield, and reverse and remand for a new trial as to the appellee, Carson Whitfield.
Because this case may be retried on remand, a brief summary of the evidence will suffice for our purpose of review. This three-car collision occurred on a two-lane highway in northeast Mississippi a few miles from the Alabama-Mississippi state line. Each car was occupied by its driver only — Doris Davidson, Carson Whitfield, and Carmon A. Frost.[1]
The only evidence adduced at trial relating to the issue of liability was the testimony of the Mississippi state highway patrol *1155 man who investigated the accident.[2] He testified his investigation disclosed that, just before the collision, Car No. 1 (Davidson) was traveling in a north-bound direction; Car No. 2 (Frost) was traveling in a south-bound direction and had come to a stop in preparation to turn left onto a gravel road; and Car No. 3 (Whitfield) was traveling south following Car No. 2. The front of Car No. 3 struck the left rear of Car No. 2, knocked it across the northbound lane and into the path of Car No. 1, which, in turn, struck Car No. 2 on its right side.
The patrolman further testified that Mrs. Whitfield stated to him she did not realize that the Frost car had stopped, or was stopping, and this was the reason she struck the rear of his ear. The patrolman described the weather as cloudy and “misting” rain, but estimated the unobstructed view from the gravel road in the direction from which Mrs. Whitfield was traveling was between 150 and 200 yards.
The Appellant states the single issue presented thusly:
“Whether the evidence . . . was sufficient to present a jury question as to the negligence of the defendant, Carson Whitfield, as charged in the complaint.”
Implicit in this statement of the issue is appellant’s concession that the trial Court did not err in directing a verdict in favor of all defendants other than Mrs. Whitfield. We agree and affirm as to the appellee Jimmy Whitfield. The record discloses no evidence of any connection, either directly or vicariously, between Jimmy Whitfield and the accident in question.
We are hardput, however, to perceive any possible theory or rationale on which the trial Court based its grant of Mrs. Whitfield’s motion for a directed verdict. The legal principles governing the trial Court’s grant or denial of a motion for a directed verdict are well established and our law reports are replete with cases reviewing the application of these principles to varying fact situations. Perhaps the best statement of the legal test by which such motions are gauged, in the negligence context, is found in Harbin v. Moore, 234 Ala. 266, 268, 175 So. 264, 265 (1937):
“ ‘ “Proof which goes no further than to show an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause. [Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665 (1924.]” ’
“ ‘But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence. [Georgia Power Co. v. Edmunds, 233 Ala. 273, 171 So. 256, 258 (1936).]’

“Each case turns upon its own peculiar facts, and other cases are helpful only by way of analogy.”.
Our case law, applying this test in rather close factual situations, employs the traditional “scintilla rule” vis-a-vis “mere speculation” frame of reference. The following language from Harbin, supra, exemplifies the point:
*1156 “It is of course well recognized that in no case is negligence assumed from the mere fact of an injury, and that the scintilla doctrine prevailing in this state does not conflict with the well-known rule that a conclusion as to liability that rests upon speculation or mere conjecture is not the proper basis for a verdict.” 234 Ala., at 268, 175 So.2d at 265.
Other cases avoid reference to the scintilla rule and employ what is perhaps more preferable language, as shown in Reaves v. Maybank, 193 Ala. 614, 618, 69 So. 137 (1915), which quoted with approval from Grand Trunk Railway Co. v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485 (1892).
“ ‘There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms “ordinary care,” “reasonable prudence,” and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court.’ ”
Compare also the following language by Mr. Justice Simpson in Patterson v. Seibenhener, 273 Ala. 204, 206, 137 So.2d 758, 760 (1962):
“. . . where not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined the case is entirely one of fact to be decided by the jury. When the proof discloses such a state of facts, whether controverted or not, that, in essaying to fix responsibility for the injury or damage, different minds may arrive reasonably at different conclusions or may disagree reasonably as to the inferences to be drawn from the facts, the right of a party in a negligence action to have a jury pass upon the question of liability becomes absolute.”
But this dichotomy, in whatever frame of reference — because of the one-sided nature of the evidence — is here unnecessary and, indeed, inappropriate. See Gribble v. Cox, 349 So.2d 1141 (Ala.1977), 11 ABR 2578; Leeth v. Roberts, 295 Ala. 27, 322 So.2d 679 (1975). See also Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287 (1931).
This is not to say, of course, that upon retrial of this case the defendant is foreclosed from countering plaintiff’s prima facie case. If evidence, direct or circumstantial, is proffered from which the jury may reasonably infer facts constituting a legal defense (e, g., contributory negligence), then the issue of liability, along with the issue of damages, should be submitted to the jury under appropriate instructions.[3]
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. The record, as to identity of parties involved, is especially confusing until one realizes that “Doris” is a man, “Carson” is a woman, and that plaintiff, Cleta M. Frost, Executrix of the estate of Carmon A. Frost, deceased, was substituted by amendment for the original plaintiff, Carmon A. Frost, who, subsequent to the accident and filing of the suit, died from causes totally unrelated to the accident.

. Other evidence offered by the plaintiff — all relating to Mr. Frost’s injuries — consists of testimony of Mrs. Frost, Mr. Frost’s treating physician, and the hospital records. The defense motion for directed verdict came at the close of plaintiffs case.

. Because this accident occurred in Mississippi, if properly pleaded, the law of Mississippi— comparative negligence — would be applicable. See ARCP 44.1.