The plaintiffs, D.A.C., a minor suing by and through her mother and next friend, D.D., and D.D., individually, appeal from a summary judgment for the defendant, Avery Thrasher, D.A.C.'s high school principal, in this action by D.A.C. for damages under state and federal law for the principal's alleged improper supervision of a teacher.[1] We affirm.
D.A.C. alleged in her complaint that she had been sexually molested by one of her teachers. Her state law claims were based on allegations that, several years before the incident made the basis of her action, Thrasher had negligently or wantonly failed to disclose to the superintendent of the school system the names of two female students who had complained that the teacher had made improper sexual advances. One of these students spoke directly with Thrasher;[2] Thrasher became aware of the other student's name through the student's father.[3] D.A.C. contended that the teacher's employment would have been terminated at that time if Thrasher had given those names to the superintendent; she argued that Thrasher's inaction allowed the teacher to remain in the school and that that inaction had proximately caused her injuries. D.A.C.'s federal law claim was based on 42 U.S.C. § 1983. In connection with that claim, D.A.C., relying on Stoneking v. Bradford Area School District,882 F.2d 720 (3d Cir. 1989), cert. denied, 493 U.S. 1044,110 S.Ct. 840, 107 L.Ed.2d 835 (1990), and Doe v. TaylorIndependent School District, 15 F.3d 443 (5th Cir. 1994), *Page 961 
cert. denied, Lankford v. Doe, ___ U.S. ___, 115 S.Ct. 70,130 L.Ed.2d 25 (1994), argued that the evidence was sufficient to show that Thrasher, by not disclosing the names of the two female students to the superintendent, had demonstrated "deliberate indifference" toward her constitutional right to bodily integrity and that that indifference had proximately caused her injuries. The trial court concluded that D.A.C.'s state law claims were barred under the doctrine of discretionary function immunity and that Thrasher was entitled to a judgment as a matter of law on D.A.C.'s federal law claim on the ground that the evidence was insufficient, underStoneking and Doe, to show deliberate indifference to D.A.C.'s constitutional rights. The trial court also ruled that the evidence was insufficient for a jury to find that Thrasher's failure to disclose the names of the two female students to the superintendent was a proximate cause of D.A.C.'s injuries.
After carefully reviewing the evidence in the light most favorable to the plaintiffs, see Motes v. Matthews,497 So.2d 1121 (Ala. 1986), we hold that the summary judgment was proper. Proximate cause was a necessary element of D.A.C.'s claims. It is well settled in this state that damages claims cannot be presented to a jury in the absence of sufficient evidence of an unbroken sequence of cause and effect, i.e., evidence that the act complained of was the proximate cause of the injury. See, e.g., Alabama Power Co. v. Bryant, 226 Ala. 251, 254,146 So. 602, 604-05 (1933), wherein this Court stated:
 "We have a well-defined rule that the burden is upon 'plaintiffs to show by an unbroken sequence of cause and effect, that the negligence alleged was the proximate cause of the intestate's injury and death.' Connors-Weyman Steel Co. v. Kilgore, 202 Ala. 372, 80 So. 454, 455 [(1918)]. For when 'the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause.' Carlisle v. Central of Georgia R. Co., 183 Ala. 195, 62 So. 759 [(1913)]. And 'the mere possibility that the negligence of defendant caused the injury without evidence thereof, is not sufficient to carry the case to the jury, or to support a verdict.' Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33 [(1917)]. And 'where it was merely conjectural whether death of a servant resulted from negligence for which the master was liable or from other cause, there can be no recovery.' St. Louis S.F.R. Co. v. Dorman, 205 Ala. 609, 89 So. 70 [(1921)].
 "And 'where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause.' American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 So. 757, 758 [(1913)]."
See, also, Brown Mechanical Contractors, Inc. v. CentennialInsurance Co., 431 So.2d 932 (Ala. 1983).
The superintendent of the school system testified as follows regarding the accusations that had been made by the two female students:
 "A. No. No. I asked [Thrasher] to investigate everything he could and to get any evidence we had, and if we could get any evidence, we would proceed with a due process hearing.
". . . .
"Q. Due process hearing, what is that to you?
 "A. Well, that's giving the teacher notice of alleged wrongdoing, and giving that person an opportunity to present their case, and to listen to the witnesses and evidence presented against them."
The superintendent's testimony indicates that the teacher in question had achieved tenured status and that the superintendent had no authority to terminate the teacher's employment based on the accusations of the two female students, without following the procedure prescribed in Ala. Code 1975, § 16-24-1 et seq. ("Tenure of Employment of Teachers"). That procedure would have *Page 962 
included, among other things, a hearing before the county board of education on the merits of the accusations of wrongdoing that were made by the two female students, and it would have required a finding as to the truthfulness of those accusations. See § 16-24-9. The record indicates that one of the students would have testified against the teacher; however, the record is silent as to whether the other student would have participated in a hearing. The conclusion that would have been reached by the board of education if charges had been brought against the teacher is purely conjectural. The teacher, who was confronted by Thrasher with the accusation of at least one of the students, denied any wrongdoing. The credibility of the accusers and the accused would have been a matter peculiarly within the province of the board of education, sitting as a factfinding body. Certainly, it can be reasonably inferred from the evidence that the principal's failure to disclose the names to the superintendent resulted in no hearing being held by the board; however, there is simply no way of making an informed decision as to whether, if the names had been disclosed and a hearing had been held, the teacher would have been fired and, thus, removed from the school. To allow a jury to simply guess as to how the board of education would have found and ruled if charges had been brought against the teacher would violate our well-established rule against allowing juries to base their verdicts on pure conjecture or speculation. The trial court recognized this in its judgment:
 "Of major concern to the court is the fact that there exists no substantial evidence that any alleged misconduct on the part of defendant Thrasher . . . proximately caused the resulting injury to the plaintiff. [The plaintiff] asks the court to assume that had a report been made by Thrasher, permanent termination of [the] subject teacher would have occurred by action of the board of education and [the] plaintiff would never have suffered injury at the hand of [the] defendant [teacher]. Termination is an intervening action for which there is only speculation."
(Emphasis in original.)
Thrasher made a properly supported motion for summary judgment. The defendants did not rebut it with sufficient evidence for a jury to find that Thrasher's failure to disclose the names of the two female students to the superintendent was the proximate cause of D.A.C.'s injuries. Thus, Thrasher was entitled to a summary judgment. Rule 56, Ala.R.Civ.P. In light of our holding with respect to the issue of proximate cause, we find it unnecessary to determine whether Thrasher was protected from liability under the doctrine of discretionary function immunity or whether D.A.C. presented sufficient evidence of "deliberate indifference" to her constitutional rights to warrant submitting her § 1983 claim to the jury.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, INGRAM and COOK, JJ., concur.
KENNEDY, J., dissents.
[1] D.D. sued derivatively because of harm she claims to have incurred as a result of her daughter's injury.
[2] This student testified by affidavit as follows: "When I had trouble with an algebra problem, I raised my hand and [the teacher] would help me with my work. While helping me, [the teacher] would put his hand on my desk and stand over my left shoulder. [The teacher] would then put his other hand on my breast. If [the teacher] did not do this, he would put his hand on my upper thigh and his other hand was on my back, as he kneeled down. This happened on a number of occasions in the fall semester."
[3] Thrasher testified as follows with respect to what this student's father had told him:
 "He told me that [his daughter] had had [the teacher] in, I believe it was algebra II, and that when [the teacher] would pass out tests, that he would maybe brush her chest, breast area, and that [the teacher] maybe would make disparaging remarks or something to that effect."