# City of Montgomery *v.* McCabe.

*Injury on Account of Defective Street.*

(Decided November 26, 1912. Rehearing denied December 7, 1912. 60 South. 456.)

1. *Appeal and Error; Parties.*—Under section 2884, Code 1907, as amended by Acts 1911, p. 589, an appeal may be prosecuted by any party against whom a judgment is rendered without taking the appeal in the name of the co-defendant by service of notice of appeal on the co-defendants not appealing.

2. *Municipal Corporations; Negligence; Joint Action; Personal Defense.*—Where an abutting landowner allowed a hitching post to be erected and to remain over thirty years so as to obstruct the street, the fact that such owner's husband, who had long since died, erected the post, presented no such personal defense as would authorize a separate verdict and judgment to be entered against the municipality by one injured thereby in an action against the city and such abutting owner. (Sections 1273 and 1274, Code 1907.)

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. P. PEARSON.

Action by Mary H. McCabe against the City of Montgomery and Sallie B. Janney, for injuries received from an obstruction in the street. Judgment for plaintiff against the city of Montgomery from which the city appeals. Reversed and remanded.

C. P. McINTYRE, J. T. LETCHER, and JOHN V. SMITH, for appellant. The liability of the city in cases of this sort is statutory, and under the statute, no proper personal defense is shown by the evidence, so as to authorize the court to enter a verdict for one co-defendant and against the city.—Secs. 1273-4, Code 1907; *Wadsworth v. Hodge*, 88 Ala. 500; *Roberts v. Prowell*, 168 N. Y. 775. The city was authorized to take the appeal alone under section 2884, Code 1907, as amended by Acts 1911, p. 589.

BALL & SAMFORD, for appellee. The appeal cannot be considered for the reason that the co-defendant of the city was not made a party to the appeal. The city was liable for the obstructions placed in its street.—*Castello v. The State*, 108 Ala. 45; 29 L. R. A. 71; 148 Mass. 598; 23 Atl. 33; 24 A. & E. Enc. of Law, 92. The provisions of sections 1273 and 1274, Code 1907, do not change the rule of liability, and can have no effect upon this cause.

PELHAM, J.—The transcript in this case shows that the appellee, Mary H. McCabe, sued the appellant, a municipal corporation, and Sallie B. Janney jointly, and alleged in the complaint that the defendants were jointly liable to respond in damages to her for certain personal injuries received because of an obstruction or

nuisance jointly suffered or maintained by such defendants to be and remain in one of the streets or driveways of the city of Montgomery. Judgment was rendered in favor of the defendant Sallie B. Janney and against the other defendant, the city of Montgomery, for $250. The defendant municipality alone brings this appeal.

An appeal may be prosecuted by any party against whom a judgment is rendered without taking the appeal in the name of the other codefendant.—Acts 1911, p. 59, amending section 2884 of the Code of 1907 The transcript shows the requirements of this act to have been complied with as to the service of notice, etc., on the other codefendant not appealing.

Section 1273 of the Code, among other things not necessary to consider in connection with questions presented by this case, provides, in an action against a city by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person, that such person shall be liable to an action on the same account by the party injured.

Section 1274 of the Code provides as follows: "1274. Actions and Suits Against Municipality for Negligent Acts of Agent, etc.—The injured party, if he sues the municipality for damages suffered by him, shall also join such person or persons or corporation so liable as the defendant or defendants of the suit, and no judgment shall be rendered against the city or town, unless judgment is rendered against such other person or corporation so liable for such injury, except where a summons is returned not found as to a defendant or when judgment is rendered in his favor on some personal defense." Different verdicts were found as to each of the defendants, the finding being in favor of one and against the other defendant, and the judgment corresponds to the verdicts. This finding and judgment against the

36 CA

city alone could only be authorized on the theory that the verdict was found and judgment rendered in favor of the defendant Sallie B. Janney on some personal defense of that defendant.—Code, § 1274.

The right to recover against the municipality is based on the contention that the obstruction in the street or driveway, a hitching post, was permitted to remain in the street, where it impeded the lawful use of the street, for such a period or length of time as to constitute knowledge or notice to the municipal authorities; and the liability of the codefendant Sallie B. Janney is based on the contention that she was the owner of the abutting property in connection with which this same obstruction had been erected with her knowledge, without objection on her part, and that the use of the obstruction had continued by the owner, in connection with her ownership of the abutting property, for. a long number of years uninterruptedly since its erection.

The defendants filed pleas of the general issue and contributory negligence. No special defense was set up by plea in behalf of the defendant Sallie B. Janney.

The evidence was without conflict that the hitching post was an unlawful obstruction in the street that impeded the lawful use of the full width of the driveway along which the public were entitled to free, unobstructed passage, and was therefore a nuisance.—*Costello v. State,* 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; *First Nat. Bank v. Tyson,* 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; Elliott on Roads and Streets, 645. It was further shown without conflict in the evidence that the obstruction had been placed in the street in the year 1877; that its erection was of a permanent nature, and that it had remained there continuously from 1877 until the time of the accident complained of in 1911; that during all of those years the

[City of Montgomery v. McCabe.]

codefendant Sallie B. Janney had been the owner of and in possession of the abutting premises in connection with which it had been used, and knew of the erection, and without objection permitted its erection and maintenance, having used it herself in connection with the abutting property owned by her. Under this state of the undisputed evidence, it could make no difference that the hitching post had been actually erected by the husband of the codefendant Sallie B. Janney, the owner of the property. The unlawful obstruction is shown to have remained where it was placed, and to have been used for a long number of years after the death of the husband and prior to the time of the accident.

No personal defense that would authorize a separate verdict and judgment to be rendered in favor of the codefendant Sallie B. Janney and against the municipality joined in the action as a codefendant was developed by the evidence, and no such defense was set up by special plea or otherwise. The evidence, without conflict, failing to establish a personal defense in favor of the codefendant Sallie B. Janney authorizing a verdict and judgment in her favor and against the municipality alone, under the provisions of sections 1273 and 1274 of the Code, the court was in error in refusing the written charge requested by the defendant municipality, the appellant, instructing the jury to that effect.

Reversed and remanded.