# Carlisle *v.* Central of Ga. Ry. Co.

## *Injury to Passenger.*

(Decided May 22, 1913.   62 South. 759.)

1. *Carrier; Passenger; Injury; Matters Available Under General Issue.*—Where it is alleged that the injuries were the result of negligence or of wantonness on the part of defendant or its servants or agents the fact that the injuries were due to unavoidable accident was available under the general issue because if due to unavoidable accident, it was not due to negligence or wantonness.

2. *Same; Defenses.*—A passenger's contributory negligence or assumption of risk is not a defense to counts alleging that the injuries were due to the wantonness of the carrier's agents or servants.

3. *Same; Evidence; Sufficiency.*—The evidence examined and held not sufficient to present a question for the determination of the jury as to whether the passenger's slipping was caused by a defect in the steps.

4. *Negligence; Burden of Proof.*—Where a plaintiff bases a right of recovery upon the negligence of another he must show a state of fact from which the negligence charged in his complaint may be reasonably inferred.

5. *Same; Evidence; Sufficiency.*—Where the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause.

6. *Appeal and Error; Review; Matters Not Necessary to Decision.*—Technical objections to a defendant's pleading will not be considered on appeal where plaintiff's evidence fails to show such negligence on the part of defendant as will authorize a recovery.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Mrs. Bennie Mae Carlisle against the Central of Georgia Railway Company, for damages for injury to her while a passenger.   Judgment for defendant and plaintiff appeals.   Affirmed.

See, also, 2 Ala. App. 514; 56 South. 737.

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE. & BURT, for appellant. Contributory negligence must be specially

pleaded.—*A. G. S. v. McWhorter,* 156 Ala. 269. A plea of contributory negligence or assumption of risk must state the facts constituting the contributory negligence or the assumption of risk, and if the facts stated do not, as a matter of law, and of themselves, constitute contributory negligence or assumption of risk, then it is necessary to state in the plea that the acts relied on as constituting the contributory negligence or assumption of risk were "negligently" done or omitted.—*Creola Lumber Co. v. Mills,* 149 Ala. 474; *Foley v. Pioneer Mining and Mfg. Co.,* 144 Ala. 178; 13 Am. and Eng. Enc. of Pleading and Practice, 1914. Contributory negligence or assumption of risk is no defense against a count in a complaint for a willful, wanton or intentional injury and is no defense against the entire complaint where the complaint contains a count for wanton, willful or intentional injury.—*L. & N. R. R. v. York,* 128 Ala. 304. When an injury to a passenger occurs, negligence on the part of the defendant is presumed. 2nd Mayfield, page 631, sec 24B; 6th Mayfield, page 667, sec. 12. A railroad company owes to its passengers the duty to exercise the highest degree of care, skill and diligence known to very careful, skillful and diligent persons engaged in like business to furnish for the accommodation of its passengers a coach well equipped and to keep the same in repair and in good condition.—Elliott Railroads, vol. 4 page 397, sec. 1587. The affirmative charge should never be given where there is evidence which authorizes a reasonable inference of facts unfavorable to the right of recovery by the party ·asking it.—*Peters v. Sou. Ry. Co.,* 135 Ala. 537; *White & Co. v. Farris,* 124 Ala. 470. Where from the evidence different inferences may be drawn, the general affirmative charge cannot be given.—*Englehart v. Richster,* 136 Ala. 562; *McWhorter v. Bluthenthal & Bickart,* 136 Ala 568.

BARNES & DENSON, for appellee.    Technical errors as to pleadings are not available to reverse where, under the undisputed evidence, plaintiff was not entitled to recover.—*Hill v. McBride,* 125 Ala. 542; *L. & N. v. Johnson,* 128 Ala. 634.    The evidence failed to show any negligence for which defendant was responsible, and defendant was therefore entitled to the affirmative charge.—*C. of Ga. v. Carlisle,* 2 Ala. App. 514, and cases cited.

DE GRAFFENRIED, J.—Mrs. Bennie Mae Carlisle brought this suit against the Central of Georgia Railway Company for the recovery of damages which she alleges that she received in an injury to her person while she was a passenger on one of the defendant's trains.

There were three counts to the complaint.    The first and third counts charged simple negligence.    The second count charged wantonness on the part of the defendants servants or agents.

There were four pleas to the complaint, which pleas were filed as answers to the complaint as a whole and to each count of the complaint separately.    Plea 1 was the general issue.    Plea 2 was a plea of contributory negligence.

Plea 3 set up that the injury of plaintiff was due to unavoidable accident, and of course, if *that* was true, *that* fact could have been shown under the general issue.    If the injury was due to unavoidable accident, it was not, of course, due to the negligence of the defendant or of its servants or agents, nor to the wantonness of the defendant's servants or agents.

Plea 4 was a plea setting up assumption of risk.

Pleas 2 and 4 were not answers to the wanton count and the court sustained the plaintiff's demurrer to those

pleas as answers to that count. This, of course, was a judicial determination by the trial judge that those pleas were not answers to the complaint as a whole but only to the counts charging simple negligence.

1. The plaintiff contends that pleas 2 and 4 were subject to certain technical defects. We do not think that it is necessary for us to consider the questions thus sought to be raised for reasons which will plainly appear below.

2. When a plaintiff brings a suit and bases his right of recovery upon the negligence of another, he must show a state of facts from which the negligence charged in his complaint may be reasonably inferred. To use almost the very language of this court in *American Cast Iron Pipe Co. v. John Landrum, infra,* 62 South. 757, and of the Supreme Court of the United States in *Patton v. Texas Pacific Railroad Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, where the testimony leaves the matter so uncertain that any one of a half dozen things may have brought about the injury, for some of which the defendant might be responsible as for an act of negligence and for some of which he would not be so responsible, it is not for the jury to guess between these half dozen causes and find that the negligence of the defendant was the real cause "when there is no satisfactory foundation in the testimony for that conclusion." In such a case the plaintiff simply "fails in his testimony, and no mere sympathy for the unfortunate victims of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

It is undoubtedly true, as stated by the plaintiff's counsel in their brief, that the affirmative charge should not be given in favor of a defendant when the evidence in the case is such as to authorize a reasonable inference of the plaintiff's legal right to recover; but this

well-settled rule in no way conflicts with the rule announced in the cases above cited.

It seems that the plaintiff was a passenger on one of the defendant's trains and in alighting she fell to the platform and received certain injuries. In her testimony she thus describes the incident: "I am the plaintiff in this case. I remember Sunday, the 29th of August, 1909, when I went over from Kellyton to Alexander City on the Central of Georgia passenger train with my husband. When we got to Alexander City Mr. Carlisle left the train at Alexander City first and had the baby. I had a suit case, parasol, and fan, some in each hand. The conductor went off before I did. When I started to go down the step something caught my shoe heel and caused me to fall. I was on the step when I stepped off of the platform when this happened. I fell backwards. My feet hit the ground. I was lying on the steps. I don't know exactly when the heel got fastened, but something pulled it. I could not get it loose when I fell. I was trying to go on down the steps when the heel pulled off. I never paid any attention to the steps. The conductor was standing off a piece from the steps with his back to me. * * * At the time my heel got caught my foot was on the first step after I left the platform. I received an injury; my ankle was sprained. The conductor asked me if I was hurt. I told him I didn't think I was. I didn't know at that time that I was hurt. I discovered that I was hurt just as I turned to walk off. At the time I told the conductor I didn't think I was hurt, I hadn't undertaken to walk any. When I undertook to walk I ascertained that I was hurt. My ankle was swollen and I could not walk. That evening or next day my ankle was swollen--pained me. It stayed swollen up like that three or four days. It has never gotten back to its natural size

yet. It is larger now than it was before; larger than the other ankle. This is the only injury I ever had on that ankle. It bothers me some in walking now. I suppose it was nearly a month that my ankle continued swollen and sore. It pains me sometimes yet. I cantell by looking at it that it is larger than the other one, and larger than it was before it was hurt. A part of the shoe heel that was pulled had tacks in it. I don't know exactly how long they were. There were at least 10 or 12 sticking in the piece of the shoe heel that was pulled off. They were bent. I don't know whether they were all bent in the same direction. The shoe heel was not very high, nothing unusual about the height or smallness of the heel. There was nothing wrong with the shoe heel before that. The shoe heel was the character of shoe heel worn by the ladies on their shoes at that time." This witness was examined by the defendant's counsel and said: "I wore those shoes most of the time. I didn't have low, flat, common-sense heel shoes. There was such a shoe for ladies for that day. These were mostly my Sunday shoes. I wore them part of the time every day. When I started down the steps I was looking down at the ground in front of me. I never looked at the steps. I saw the shoe heel after I got up. This was all I saw on the steps." The above was all of the testimony for the plaintiff.

The plaintiff's theory is that there was some defect in the steps of the train and that therefore the defendant was guilty of negligence in not providing her with a safe way to leave the train. The plaintiff saw no defects in the steps and no one else saw any. It is true that she testified that "there was nothing wrong with the shoe heel before that time," but she also testified: "I saw the shoe heel after I got up. This was all that I saw on the steps." It is also true that the conductor

testified that: "I knew when she slipped there must have been something the matter either with the steps or the heel; I don't know which. She would not have slipped if there had not been something the matter either with the heel or the steps; I cannot say which. I don't know yet, except I picked up a piece of heel; that is all I know." The conductor, however, also testified that if there was anything wrong with the steps he never saw it at any time.

As we understand the testimony, the steps were simple, plain, plank steps with an iron railing on one side of them; and we think that the plaintiff's injuries were in all human probability due to the fact that she did not look at the steps at all when she descended but was, as she testified, looking beyond them to the ground. Whenever a patent defect exists in anything, the defect is usually the first thing which the observer sees when he first places his eye upon the object. All the evidence shows that the steps in question had been used for many years, and there was no more evidence in this case tending to show a defect in the steps than there was to show a defect in the high-heel shoes. In making a guess between the two, the probabilities are that the defect (if it can be called a defect) more probably existed in the high-heel shoes than in the steps. It is a matter of common knowledge that shoes with high heels are less safe and less comfortable than those with ordinary common-sense heels. The plaintiff was, as a prerequisite to her right of recovery, required to show that her injuries were due to an act of negligence on the part of the defendant, and it was, of course, incumbent on her to show some *fact* from which reasonable men could infer an act of negligence. She showed that she sustained a fall, but she did not show that the *cause* of the fall was a defect in the steps.

3. At the time of the creation of the Court of Appeals, this case, on a former appeal, was pending in this court. An opinion on that appeal was prepared by Mr. Justice Somerville, of this court, and, upon the creation of the Court of Appeals, the record in the case was transferred to the Court of Appeals. That court, after considering the record, adopted, as the opinion of that court, the opinion which had been prepared by Mr. Justice Somerville, and the case made on that appeal is reported in 2 Ala. App. 514, 56 South. 737. In *that* opinion it was determined that, under the facts shown in *that* record, the plaintiff had failed to make out her case. In *that* opinion the merits of this case are fully dealt with. We have carefully compared the two records and we find no material difference in them. The evidence in both records is substantially the same. It seems to us that the opinion on the former appeal is sound and that it clearly demonstrates that in this case, under the facts as shown by all the evidence, the plaintiff has failed to make out a case against the defendant.

All the evidence fails to show negligence on the part of the defendant, and the questions of contributory negligence, assumption of risk, and wantonness, under the evidence most favorable to the plaintiff, did not arise and could not have arisen on her trial. The consideration of mere technical objections to the defendant's pleas would therefore serve no useful purpose. The plaintiff having failed in her proof, the case never proceeded to the point where those questions were of any value to the plaintiff.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.