**JONES v. COLVARD.** (8 Div. 883).

(Supreme Court of Alabama. Oct. 14, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Automobiles ⬅️238(9)—Pleading ⬅️8(8)—Averments of necessity to veer automobile to avoid collision and proximate cause of injuries held not pleading of conclusion or to show contributory negligence.**

Averment that "it became necessary for plaintiff to veer his automobile to the right to avoid" collision with defendant's car, whereby plaintiff drove into a ditch, and that his injuries were proximate cause of defendant's negligence *held* not pleading of mere conclusion or to show that plaintiff was author of own misfortune.

**2. Automobiles ⬅️246(26)—Charge on duty of automobile driver in front to turn to right to allow passing by driver of car in rear held properly refused.**

Where one automobile is passing another, duty of machine in front to turn to right depends on circumstances, and hence charge that it is duty of car in front to turn toward right to give rear car reasonable opportunity of passage was properly refused.

**3. Trial ⬅️252(8).**

Charge that driver of rear car passing another was only required to exercise reasonable care in turning back to right, and, if he did exercise such care, he would not be liable *held* properly refused as not supported by evidence.

**4. Automobiles ⬅️245(36).**

General charge *held* properly refused to defendant automobile driver, whose defense was alibi.

**5. Trial ⬅️121(2).**

Court will not too narrowly criticise argument of counsel in matter of inferences drawn or illustrations adopted in pressing point.

**6. Automobiles ⬅️249.**

Punitive damages may be imposed as means of enforcing traffic rules.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action for damages by J. O. Colvard against Ezra Jones. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

These charges were refused to defendant:

"(2) When the driver of the faster conveyance desires to pass, it is the duty of the forward one to turn toward the right so as to give the rear one a reasonable opportunity for passage."

"(7) After passing the rear of the plaintiff's car, the driver of the other car was only required to exercise reasonable care in turning back toward the right; ·if he did exercise such care, then he is not liable."

The trial court charged the jury, in effect, that, if they found the defendant to have been guilty of wanton and willful negligence, and that plaintiff's injury was the direct result thereof, the recovery would not be confined to compensatory damages, but that the jury "could go further in your sound discretion and assess such an additional amount as would punish the defendant for his act and for deterring others to do likewise," etc.

S. A. Lynne, of Decatur, for appellant.

Negligence, to be actionable, must be the direct and immediate efficient cause of the injury. Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646; Southern R. Co. v. Crawford, 164 Ala. 178, 51 So. 340. The traveler in the rear may pass to the front when he can do so in safety. Berry on Automobiles (3d Ed.) § 241. If the forward vehicle yields all of the traveled part of the road, the passing vehicle may use any part or all of such portion of the road. Berry, supra; Hoppe v. Petersen, 165 Wis. 200, 161 N. W. 738; ·Zellmer v. McTaigue, 170 Iowa, 534, 153 N. W. 77. It is the duty of the first driver to turn to the right as soon as practicable, so as to allow free passage on the left to the overtaking vehicle. Crescent Motor Co. v. Stone, 208 Ala. 137, 94 So. 78; Code 1923, § 6266; Huddy, Auto. (7th Ed.) § 299; Dunkelbeck v. Meyer, 140 Minn. 283, 167 N. W. 1034. The driver of the first vehicle must use due care to avoid a collision with the passing vehicle. Huddy, § 300.

Tennis Tidwell, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] The substance of the allegations of counts 1, 2, and 3 of the complaint is that plaintiff and defendant were driving automobiles in the same direction along the highway and that defendant, in the effort to pass from the rear to the front, drove his automobile at a reckless rate of speed, to wit, 35 miles an hour, and so close to plaintiff's automobile that "it became necessary for plaintiff to veer his automobile to the right to avoid" a collision, doing which, plaintiff ran his automobile into a ditch or cut by the side of the highway; and "plaintiff avers that his injuries were received and his automobile damaged, as a proximate consequence of the negligence of the defendant in undertaking to pass plaintiff's automobile in such close proximity thereto and while running or driving the same at such a reckless rate of speed, as aforesaid." The objection to the counts is that they deal in mere conclusions and show that plaintiff was the author of his own misfortune because he drove voluntarily into the ditch or cut. Neither criticism should be sustained. The language employed shows to a common intent just what happened, and no greater particularity is necessary. And if defendant's management of his car drove plaintiff to sudden and narrow choice, and, in the effort to avoid an impending collision, plaintiff veered too close to the margin of the highway, we do not think the disastrous result should be imputed to plaintiff. ·The demurrer to these counts was well overruled. Similar reasons lead us to the conclusion that there was no error in overruling the demurrers to counts 4 and 5.

[2] Charge 2, requested by defendant, was properly refused. The duty of the machine in front to turn to the right depends upon circumstances and cannot be affirmed in the bold form of this charge. If the machine in front is already as far over toward the right margin of the road as it can be safely driven, it needs no argument to show that the driver in the rear cannot require or expect him to turn further to the right.

[3] So, likewise, charge 7 was properly refused to defendant. The ·charge erroneously assumes that defendant had been guilty of no negligence in his effort to pass, that his car was in a position from which he might, with reasonable safety, attempt to turn to the right; but plaintiff's theory of the case, well supported by tendencies of the evidence, was that defendant drove his car so close to plaintiff's that any effort by defendant to turn to the right must have resulted in disaster. This aspect of the case, with the added fact ·of dangerous speed—plaintiff's whole case in fact—was ignored by this charge.

[4] It is quite clear, according to our view, that the general charge requested by defendant was properly refused. Indeed, defendant's answer to the charge of negligence was an alibi. He made no effort to deny the modus of plaintiff's injury. His defense was that neither he nor his car was present at the place of the accident, that plaintiff's injury had been caused by some one else; but the evidence for plaintiff was not reconcilable with defendant's theory of the case.

Plaintiff was required by the trial court to remit a part of the damages assessed by the jury. After such remission, the damages awarded were within the limit of actual damages shown in evidence, and so the motion for a new trial on the ground of excessive damages was well overruled.

The court's instruction to the jury, shown· in defendant's 38th assignment of error, modifying what the court had previously said as shown by the 37th assignment, was in substance and effect a correct statement of the applicable law.

[5, 6] Comment on that assignment of error which complains of plaintiff's argument to the jury is hardly necessary. The court will not too narrowly criticise the argument of counsel in the matter of inferences drawn or illustrations adopted in pressing a point. It may be safely assumed that rarely will argument of a case before the jury meet the entire approval of adversary counsel. In the present case, count 4 of the complaint charged willful and wanton wrong, and it can by no means be said that the charge was without support in the evidence. In connection with that count, the remarks of counsel were properly left with the jury. Rules governing the use of highways impose care upon the drivers of vehicles for the benefit of others, and, in proper cases, punitive damages are allowed as a means of enforcing such rules. Nor was there error in the court's statement of the rule of assessment in such cases. L. & N. v. Bizzell, 131 Ala. 437, 30 So. 777; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; First National Bank v. Stewart, 204 Ala. 199, 85 So. 529, 13 A. L. R. 302.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.