199 So. 817

GASSENHEIMER v. ALABAMA GAS CO.

3 Div. 331.

Supreme Court of Alabama.

Jan. 23, 1941.

Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

## PER CURIAM.

The testimony in this case has been read to all the Justices and they are of opinion that no error intervened in the trial and that the judgment of the Circuit Court should be, and it is, affirmed.

Affirmed.

All the Justices concur except THOMAS, J., who dissents.

## THOMAS, Justice (dissenting).

The plaintiff (appellant) suffered personal injuries when he stepped or fell into a hole in the floor of an apartment house. The complaint charged that "the defendant or its agents, servants or employees while acting within the line and scope of their said employment, in preparing said premises for the consumption of fuel gas, had negligently opened and left open and unguarded in said apartment house a hole in the floor used or to be used in connection with the consumption of fuel gas on said premises, and then and there the plaintiff stepped or fell into said hole, and thereby and as the proximate result of such negligence, etc." The defendant pleaded in short by consent the general issue with leave to give in evidence any matter that might be specially pleaded.

At the conclusion of the plaintiff's evidence the following occurred: "The defendant then moved the Court to exclude the evidence on the ground that the plaintiff had not made out a case, and had not discharged his burden of proof by showing that the defendant was connected with the loose boards or the removal of the boards. The Court granted the defendant's motion, and excluded the evidence, and to this action of the Court the plaintiff then and there duly and legally excepted. The defendant then in open Court before the jury retired requested the Court in writing to give to the jury the general affirmative charge as follows: 'If the jury believe the evidence in this case your verdict must be in favor of the defendant.' The Court gave this affirmative charge in writing at the request of the defendant, and marked thereon, 'Given,' to which action of the Court the plaintiff in open Court and before the jury retired duly and legally excepted."

The rules that obtain as to the giving or refusing of the general affirmative instruction, asked for in writing by one of the parties, need not be restated. Jones v. Bell, 201 Ala. 336, 77 So. 998; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Poole v. Fletcher, 233 Ala. 54, 169 So. 868.

If the defendant left the hole in the floor unguarded, whether such conduct constituted negligence would be a jury question. Welch v. Evans Bros. Const. Co., 189 Ala. 548, 66 So. 517. Negligence may be shown by direct or circumstantial evidence. If the facts in evidence raise a fair presumption that the defendant violated its duty in the premises, a jury question is presented. Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602; Alabama Great Southern R. Co. v. Demoville, 167 Ala. 292, 52 So. 406. Otherwise stated, the burden is on the plaintiff to show by unbroken sequence of cause and effect that the alleged negligence was the proximate cause of his injury; and where the evidence leaves it uncertain whether the cause of injury was something for which defendant was responsible, or something for which defendant was not, there is a failure of proof. The mere possibility that defendant's negligence might have caused plaintiff's injury, or raised a fair inference that it did, without evidence that it did, is insufficient to carry the case to the jury. Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33; Carlisle v. Central of Georgia R. Co., 183 Ala. 195, 62 So. 759; Tinney v. Central of Georgia R. Co., 129 Ala. 523, 30 So. 623; Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414; St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602.

There were adverse tendencies in the evidence that raised a fair presumption of defendant's negligence, which warranted the submission of the case to the jury under the scintilla rule that obtains in this

jurisdiction. I do not think that any one can read the testimony of Mr. Bear, Mr. Law, Mr. Gassenheimer, Will Jones or Anna Hamilton, who would not come to the conclusion that a scintilla in evidence was presented by the plaintiff.

I, therefore, must dissent from the majority opinion of the court.