5 So.2d 464

**CITY OF BIRMINGHAM v. WHITE et al.**

6 Div. 689, 694.

Supreme Court of Alabama.

Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

John S. Foster, of Birmingham, for appellant.

Taylor & Higgins and Waldrop Windham, all of Birmingham, for appellees.

BOULDIN, Justice.

Mrs. Mazie White sued the City of Birmingham for damages for personal injuries received in a fall while walking on a public street; negligence in construction or maintenance of the street being the basis of the action. J. W. White, her husband, also sued for the damages recoverable by a husband in such case. The cases were tried together on the same evidence touching the issue of actionable negligence There was verdict for defendant. Motions for a new trial were granted on specified grounds only.

These grounds were the giving of written charges 10 and 11, and each of them, at the request of defendant. These charges read:

" 'Charge 10. If you are reasonably satisfied from the evidence that Mrs. White knew that there was a way provided for her to descend from the sidewalk to the street which was safer that the way she chose, and that as a proximate result of her choosing the way she did choose, she was injured then you cannot find for the plaintiff and against the defendant.' "

" 'Charge 11. The jury is instructed that where a driveway or alley descends from a sidewalk to the street, a person using the driveway alley cannot recover against a city for injuries sustained by falling in the driveway if such person knew that part of the alley was safer than the part where such person fell and if such person fell as the proximate result of choosing the less safer way.' "

The trial court, on motion for new trial, correctly held there was error in giving these charges. They do not correctly state the principle of law sought to be invoked.

The pedestrian is not as matter of law guilty of contributory negligence in taking the less safe way, known to be available, if in the exercise of ordinary care he could take either way. Negligence, the want of ordinary care, is the determining factor in such case. The charges omitted this essential requirement. Walker County v. Davis, 221 Ala. 195, 198, 128 So. 144; City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am.Rep. 422; 45 C.J. 902; 20 R.C.L. 120.

Appellant insists that defendant upon the undisputed evidence, was due the affirmative charge, which was requested, and refused; and, therefore, the giving of

charges 10 and 11 was without injury, and furnished no ground for a new trial. It is the law that if defendant was due the affirmative charge, the giving of charges less favorable to defendant was not harmful, and furnished no ground for a new trial. Lambert v. Southern R. Co. et al., 214 Ala. 438, 108 So. 255; McDuff v. Kurn et al., 233 Ala. 619, 172 So. 886.

Appellant argues the affirmative charge was due on two grounds:

1st. That the evidence discloses no defect in the condition of the street paving as a basis for a charge of negligence.

2nd. That the undisputed evidence discloses contributory negligence as matter of law on the part of Mrs. White.

We are of opinion the first ground above is not well taken.

Photographs taken from different positions, a graph presented by defendant, with explanatory evidence, disclose conditions which we seek to describe as follows:

At this point on the street a grocery store building has stood for many years. The building fronts on the street some 25 feet. The pavement in front of the building extends from building to property line some 4 feet and on from the property line to the curb a width of some 8 feet. This was the first paving thereabout. Later, but many years ago, the street approaching from the west, passing in front of the building was paved, including gutter, curb and sidewalk. For proper drainage the grade passing in front of the building left the original curb some 16 inches high.

Just west of this building is an alley, intersecting the street. In constructing the new paving a driveway for this alley was installed.

The incline or ramp of this driveway, rising from the gutter to the level of the sidewalk, left a step-off in going west on the old sidewalk. This step-off from the old sidewalk to the inclined plane of the driveway was 16 inches in height at the curb line, diminishing to a point at the sidewalk level. This step-off was not left perpendicular. Instead, a wedge-shaped concrete incline or wall was inserted with a downward slope of 16 inches to 2 feet horizontal base.

Mrs. White was leaving the store building, going west on the old sidewalk, thence to the driveway and out into the street to a waiting automobile. In doing so, she cut diagonally across the sidewalk, taking a rather direct line to the street, and stepped off the sidewalk at a point near the curb, where the steep incline was inserted. Her feet flew from under her; she fell on her back, fracturing the femur at the hip-joint, and received external bruises.

In dealing with this lay-out we observe the entire pavement in front of the building, extending from property line to the curb, was the sidewalk in law and fact. The curb being extra high, it was natural for pedestrians passing from the store to the street to use this sidewalk and the driveway. A steep incline in passing from one to the other as here shown cannot be said as matter of law to square with the requirement of the law that streets and sidewalks be so constructed as to be reasonably safe.

In the absence of knowledge, pedestrians are not required to be on the lookout for dangerous defects. Inserting the steep incline did not remove the hazard. It may be reasonably inferred to have increased the chances for a severe, hurtful fall. If the construction of the driveway into the alley reasonably called for a turned-in curb, so to speak, some barrier or warning device may have been necessary; a question for the jury. In any event, actionable negligence in the construction of these pavements was a jury question. City of Birmingham v. Monette, 241 Ala. 109, 1 So.2d 1, 133 A.L.R. 1020, and authorities there cited. See, also, 43 C.J. 1017.

The question of contributory negligence as matter of law is the gravest one in the case.

This inquiry turns on knowledge of the defect, such defect that a pedestrian, in the exercise of ordinary care would see and appreciate probable danger in the way chosen, and avoid the same, when there was a safe, or much safer way easily accessible and known to the pedestrian at the time.

We have carefully considered the evidence of Mrs. White in conference. She frankly admits full knowledge of this lay-out. She had been a customer, going to and coming from this store for several years; had passed out to the street this way; had stepped from the old sidewalk

·on to the driveway at different points with-·out injury or falling. She pointed out and marked on a photograph the spot at which she stepped off on this occasion. Says she was walking just as natural as anyone would walk.

Admittedly, by going a few steps further, reaching the driveway from the ·central zone of the sidewalk, then turning toward the street, there was a reasonably safe ·way at hand, known to her. There is ·entire lack of evidence of anything dis-·tracting her attention; any excuse for heedlessness or inattention; nor indeed that there was any forgetfulness of the increased hazard the nearer she was to the curb when stepping down. We are of opinion the evidence, without conflict, shows knowledge of a status involving in-creased peril in stepping off so near the ·curb; and that, in the exercise of ordinary care, she would have sensed this peril, and either avoided the place, used special care in stepping off there, or else took the chances of stepping off as she did.

The governing rules of law in this regard were fully considered and carefully stated in City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841, wherein our former cases and authorities elsewhere were reviewed.

This case has been followed, quoted, and applied in later cases. City of Birming-ham v. Monette, supra; Houston v. Town of Waverly et al., 225 Ala. 98, 142 So. 80; Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337; City of Mobile v. Ryser, 217 Ala. 92, 114 So. 903; Great Atlantic & Pacific Tea Co. v. Miller, 229 Ala. 313, 156 So. 834. See, also, 43 C.J. 1090, § 1856.

This case presents no element of dan-ger not reasonably discernible as in the Monette case, supra.

Under the governing rules which must now be deemed settled by our decisions, we are impelled to hold the undisputed evidence shows negligence on the part of the injured, which proximately con-tributed to the injury, as matter of law.

The judgment awarding a new trial is reversed, and judgment here rendered de-nying the motion for new trial.

Reversed and rendered.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.