31 So.2d 688

## CITY OF MOBILE v. REEVES.
### 1 Div. 277.

Supreme Court of Alabama.

June 26, 1947.

Rehearing Denied July 31, 1947.

Harry Seale, of Mobile, for appellant.

492

D. R. Coley, of Mobile, for appellee.

STAKELY, Justice.

Pierce L. Reeves was a motorcycle officer of the City of Mobile. While riding a a motorcycle on September 24, 1944, along Virginia Street in the City of Mobile in the discharge of his duties, he ran into a saucer like depression in the pavement of the street. The result was that he was thrown from the motorcycle and died of his injuries without recovering consciousness. Suit was instituted under the homicide act against the City of Mobile and

Carey W. George and Lenoire M. George, individually and as partners doing business as Carey W. George and Associates. The court gave the affirmative charge for the George defendants. There was verdict and judgment against the City of Mobile for $20,000. Hence this appeal.

■ I. The George defendants were joined in the suit pursuant to the provisions of § 503, Title 37, Code of 1940. Prior to the suit they had entered into a contract with the City of Mobile to lay a sewer line and do other work along Virginia Street. According to the allegations of count 1, as amended, on which the case was tried, the George defendants agreed in the contract "to fill all excavations, repair and replace pavement when removed; that notwithstanding the duty of the City of Mobile and the defendants Carey W. George and Lorraine M. George, they, the said defendants, their servants or agents, acting within the line and scope of their employment on to-wit September 24, 1944, negligently permitted a deep and dangerous hole or depression to be and remain in the surface of Virginia Street after the same had been thrown open to the public for travel, at a point near its intersection with McMillan Avenue, for a long and unreasonable length of time, after said defendants knew or by the exercise of reasonable care should have known of its existence, without barrier or warning of its presence."

The demurrer to count 1 as amended was overruled. The demurrer takes the point, which is the only point stressed in argument, that there is a misjoinder of parties. It is claimed that the count does not seek to charge the George defendants with any initial negligence, but that both the city and the George defendants are charged with exactly the same breach of duty in the allegation that they "negligently permitted a deep and dangerous hole or depression to be and remain in the surface of Virginia Street." It is argued that the result denied the City of Mobile the right under the foregoing statute to have the George defendants joined as proper party defendants, because it is claimed that the duty of the contractor defendant grows out of original or initial negligence in the creation of the defect and not out of a duty to restore or repair the torn up street.

There can be no doubt that the negligence of the George defendants must be based upon the duty not to create the hazard in the surface of the street, while the negligence of the city in the present case must lie in the failure to remedy the defect "after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect [on the part of the council]." City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276, 279; City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A. 1917 P. 797; § 502, Tit.37, Code of 1940.

Yet although the duty owing by these defendants respectively arises from a different source, the statute requires that the contractor defendant be joined with the city defendant. Accordingly we think that the allegations of the count should be considered in the light of the statute. It seems to us that it would be a good practice for the pleader to charge separately as to each defendant the duty owed respectively and the breach thereof. This could be done in the same count as was done in City of Tuscaloosa v. Fair, supra. But where this is not done, the count should still be upheld, if the pleading reasonably meets the requirement of good pleading in the light of the statute. City of Birmingham v. Young, 246 Ala. 650, 22 So.2d 169.

Taking the allegations of the count as a whole we think it clear that the alleged negligence of the George defendants is predicated upon the creation of a defect in the street. A fair construction of the language of the count is that the George defendants undertook the contract with the City of Mobile, made excavations, removed pavement from the street pursuant thereto and then by not filling the excavation which they had made and not replacing pavement which they had removed, created a defect in the street by leaving a dangerous hole in the street, without barrier or warning, after the street was opened to the public. On the other hand when the city negligently

permitted the hole to be and remain in the street for an unreasonable length of time it was brought within the terms of classification 2 in § 502, Title 37, Code of 1940. City of Tuscaloosa v. Fair, supra; City of Birmingham v. Carle, supra.

On the proposition under consideration the pleadings in the case of City of Tuscaloosa v. Fair, supra, should be noted. Examination of the original record shows that the allegation of the complaint so far as the city was concerned was "said injuries were the proximate consequence of neglect * * * in permitting said hole or cut in said street to remain there without being remedied" etc. The allegation so far as the company was concerned was that the company "removed a pole * * * or other object (at that point) and negligently left or negligently permitted to be left in said street at said point or place the aforementioned deep cut or hole at said point or place, and negligently left or negligently permitted to be left said hole or cut remaining at said point."

It is obvious that the pleading was in substance in that case the same as in the case at bar except that here the allegation instead of being in separate paragraphs is one allegation as to both defendants. The opinion in the foregoing case clearly shows that the company was charged with initial negligence. There was no error in overruling the demurrer to count 1 as amended.

■ II. The court gave the affirmative charge for the George defendants. It is accordingly insisted that the city was entitled to the affirmative charge. See City of Montgomery v. McCabe, 6 Ala.App. 559, 60 So. 456; City of Birmingham v. Carle, supra. This position, however, is not tenable, because the proof shows that the George defendants were not negligent and owed no duty to the public for breach of which they were initially responsible. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885. The George defendants under their contract with the city laid a sewer along the south side of Virginia Street. The work had been completed and accepted by the city and the street thrown open to traffic several weeks before the accident. The hole or depression was on the north side of Virginia Street which was about 25 to 30 feet wide. There was proof tending to show that there had been work in connection with water mains at practically the same time by another contractor on the north side of the street. It is true that the proof showed that the hole or depression did not exist before the George defendants undertook their work but came into existence after their work was completed. But only by conjecture or speculation can the hole or depression on the north side of the street be traced to the work of the George defendants on the south side of the street. Carlisle v. Central of Georgia Ry. Co., 183 Ala. 195, 62 So. 759; Gassenheimer v. Alabama Gas Co., 240 Ala. 465, 199 So. 817; Ingram v. Harris, 244 Ala. 246, 13 So.2d 48. The action of the court in granting the affirmative charge to the George defendants was justified by the evidence and therefore the city was not entitled to the affirmative charge based on its claim that a judgment against the city is not proper unless one is also rendered against the George defendants.

III. Although the city offered no evidence, the city complains that the plaintiff made no effort to make out a case against the George defendants but rather relied on the city to present testimony for such purpose. We do not so interpret the record because the plaintiff sought to show by the evidence a connection between the depression in the pavement and the excavation for the sewer on the other side of the street. But the city complains that other witnesses who were not used were available whose testimony would have fixed liability on the George defendants. Before discussing the record in this regard, it is well to consider the statutes that are involved.

Section 503, Title 37, Code of 1940, provides that plaintiff shall join as a defendant the "person or corporation so liable." This refers back to § 502 which provides that "whenever the city or town shall be made liable to an action for damages, by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be

liable to an action on the same account by the party so injured." This statute was not necessary to fix such liability on the part of the person or corporation so causing the injury. 43 C.J. p. 1121. But § 503 goes further and requires the suit against the city to include as a defendant the "person or corporation so liable" and further that "no judgment shall be rendered against the city or town, unless judgment is rendered against such other person or corporation so liable for such injury, except * * * when judgment is rendered in his favor on some personal defense." We think it clear that the broad term "so liable" is qualified by the foregoing exception in the statute.

■ The statutes are obviously designed to bring the other "person or corporation" into the litigation so that if liability is fastened on such other person or corporation, the city will in consequence be relieved as provided in the statute, if it too is held liable. But while the statute was designed to aid the city, it was not its purpose so to hobble the plaintiff in his presentation of his case as to jeopardize his right of recovery, if any, against either one or both of the defendants. To this end surely the plaintiff has the right to exercise his judgment in presenting his case when this is done without bad faith to the city.

■ After the evidence in the case at bar had closed on both sides and then after the affirmative charge had been given in favor of the George defendants and while the case was being argued before the jury, the city made a motion "to discharge the City of Mobile and to exclude all evidence with reference to it." There is nothing to show that the plaintiff intentionally withheld any evidence or that evidence tending to show liability on the part of the George defendants was called to the attention of the plaintiff prior to the close of the evidence or that the plaintiff in any way acted in bad faith. The court overruled the motion and in this there was no error. 64 C.J. p. 163.

The same proposition was presented by the motion for a new trial. In support of this motion there was filed the affidavit of one Myers, who was associated with the firm of consulting engineers employed by the City of Mobile in connection with the construction of the sewer along Virginia Street by the George defendants. The affidavit shows that after the death of Officer Reeves affiant made a careful inspection of the depression and for that purpose tore up the pavement and excavated the ground underneath the same. We quote his conclusions as set out in the affidavit. " 'The very small cavity which appeared under the pavement did not appear to be the result of any infiltration into the sanitary sewer line or the storm sewer line. Evidently George's heavy equipment, in traversing this street, caused the concrete base to fail and form the original depression in the pavement. George in repairing this place filled the surface depression with amiesite. Subsequent traffic has caused this surface to subside again forming the saucer-shaped depression.' "

The affidavit directly supports the view taken by the court on the trial of the case that the depression did not result from construction of the sewer. The opinion is ventured in the affidavit that the depression was caused by heavy equipment in traversing the street.

There is nothing to show that evidence to this effect was known to or withheld by the plaintiff or that it tended to show a breach of duty by the George defendants in that connection. The plaintiff evidently believed in good faith that the best method of fixing liability on the George defendants was by proof of infiltration in connection with the adjacent sewer. The city evidently agreed because it made no move to get the plaintiff to show otherwise before the evidence closed and before the George defendants got the affirmative charge. Just because the infiltration theory did not work is no reason to allow a new trial on a different theory which disproves the first theory. Besides the new theory according to the affidavit appears to be based on conjecture. We do not think the court should be put in error for overruling the motion for a new trial.

■■ IV. It is argued that the court was in error in refusing appellant's charge 8. There was no error in refusing charge 8. Among other things, it is sufficient to

say that the charge is abstract. We have carefully examined the record and conclude that there is no evidence from which the court could say that plaintiff's intestate knew of the defect in the street or failed to exercise ordinary care in choosing the route along the street which he took. City of Birmingham v. White, 242 Ala. 211, 5 So.2d 464. True he was a motorcycle officer and may have traversed the street before but this does not show that he knew of the defect. There was no barrier to warn of the hazard as there was in City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880. The work of the George contractors had been completed and accepted by the city and the street thrown open to traffic. The hole or depression was a saucer like depression several inches deep and three or four feet wide. It was between the center line of the street and the north curb of the street within a distance of from three to six feet from the north curb. The approach to the defect from the east—the direction from which the deceased was riding—was obstructed by a raised or arched place in the pavement where McMillan Avenue entered Virginia Street. The various witnesses placed the hole or depression as being either at the west line of McMillan Avenue or not exceeding 15 to 20 feet therefrom. The result was that the hole or depression was not visible to one approaching in the street from the east until within a few feet of the depression.

As a general rule motorcycle officers in Mobile ride in pairs. Pat Gibney, witness for the plaintiff, rode with the decedent although he was not with decedent on the occasion of the accident here involved. Gibney testified that he had noticed the hole three weeks prior to the accident but that plaintiff's intestate "wasn't with me at that time." They had never discussed the hole and he would not say that decedent knew about the hole.

■ The testimony tended to show that unless a person riding over the street happened to pass directly by or over the hole, there was nothing particularly to direct his attention to it. The facts that the hole or depression had existed for several weeks and that others had run into the hole cannot charge the decedent with

knowledge of the hole. There is nothing in the evidence to show that the deceased was lacking in the ordinary care which the law required under the circumstances. City of Birmingham v. Smith, supra.

■ V. While appellant's attorney was making his argument to the jury, the attorney for appellee objected to a part of the argument. When the transcript, certified by the official court reporter, was filed with the clerk pursuant to Supreme Court Rule 48, Code 1940, Tit. 7 Appendix, the attorney for appellant filed objections thereto, properly sworn to, which will appear in the report of the case. The matter was submitted to the court with affidavits furnished by both appellant and appellee. The court overruled the objections. The court heard the argument to the jury and the remarks and comment of counsel in connection therewith in open court. We are not willing to disturb the ruling, especially in view of the fact that we do not consider the failure to give charge 8 as erroneous, as we have pointed out. Besides it does not appear from the correction to the transcript offered by the appellant, that the court made any ruling which prevented appellant's attorney from making his argument on the duty of decedent to use a route known to be safe.

■ VI. In making his argument to the jury the attorney for appellee said, "You remember what judgment is recovered is to go to the wife and children." Counsel objected to the argument and asked the court to instruct the jury to disregard it. Thereupon the court said, "Yes, sir, the court will instruct you gentlemen to disregard his statement." If there was error, the court cured it. Besides the ruling was not presented for review because the objection was not overruled and exception reserved. American Railway Express Co. v. Reid, 216 Ala. 479, 113 So. 507.

■ VII. In making his argument to the jury, counsel for appellee said, "A small verdict would be like paroling a murderer or turning a robber loose." Counsel objected and the court overruled the objection. The damages recoverable under the statute are to mete out punishment to the wrongdoer and thereby prevent homi-

cides. Louisville & N. R. Co. v. Davis, 236 Ala. 191, 181 So. 695. In Jones v. Colvard, 215 Ala. 216, 109 So. 877, 878, this court said: "Comment on that assignment of error which complains of plaintiff's argument to the jury is hardly necessary. The court will not too narrowly criticise the argument of counsel in the matter of inferences drawn or illustrations adopted in pressing a point. It may be safely assumed that rarely will argument of a case before the jury meet the entire approval of adversary counsel. * * *"

We do not consider that the court abused its discretion in making its ruling.

■ VIII. The court in substance charged the jury that the provisions of the contract between the George defendants and the City of Mobile should not be considered by the jury. The City of Mobile excepted. The court's attention was then called to agreement of counsel that certain pages of the contract would be admissible in evidence. Thereupon the court said: "* * * Of course, you gentlemen have the right to introduce any evidence by agreement, and if it is agreed between you and Mr. Coley that that contract be considered by the jury, why whatever is done by you by way of agreement is perfectly agreeable to the Court."

The court further said: "One matter I want to get straight before the Jury retires, gentlemen. I want to get straight this contract. So far as the law is concerned, I have stated what is the law. If each side has put that contract before the Jury and argued it to the Jury, that is a matter for you all. The Court has charged the Jury with reference to the law. Both of you gentlemen have stated that you argued pages of the contract to the jury."

**After** the jury had retired, it returned for further instructions. The court said: "That this case as it now stands, is a suit by Mrs. Reeves, as Administratrix of her husband's estate, against the City of Mobile for damages resulting, death resulting from injuries alleged to have been received on this street. The Court states to you that the liability of the City, if any, rests upon the duty imposed upon the City by law and not by the provisions of any contract; that this contract in question was introduced in evidence during the course of the trial of this case at a time when other parties were parties defendant in the case. Those parties have now under the general charge of the Court been eliminated from the consideration of the Jury. This contract, however, was admitted in evidence at the time that the contract was competent evidence in the case. There has been no motion by either side to exclude this contract from the consideration of the jury, so, since it was legally introduced it is legally in evidence, and if the jury sees fit the jury, being a part of the evidence in the case which hasn't been taken from them, can consider the contract. Is that all right?"

There being no response by either attorney, the court then said: "All right, gentlemen," and the jury retired. There was no error in this regard.

■ IX. The jury fixed the amount of damages at $20,000. It is earnestly insisted that this amount is excessive, that the verdict was wrong and unjust and that the motion for a new trial should have been granted. In cases of this kind all damages are puntive and should be measured by the quality of the wrongful act and the degree of culpability involved. Parke v. Dennard, 218 Ala. 209, 118 So. 396; Karpeless v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642.

■ We cannot say that under the evidence the amount of damages was excessive or that the jury was actuated by passion, bias or prejudice. The trial court heard the evidence and let the verdict stand. We shall not disturb it. Jack Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768; Southern Express Co. et al. v. Roseman, 206 Ala. 681, 91 So. 612.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.

BROWN, J., concurs in the foregoing opinion except that part of the opinion dealing with the objection to the argument of counsel that "A small verdict would be like paroling a murderer or turning a robber loose." As to this phase of the opinion, he dissents.