516 So.2d 521 (1987)
Charing L. WANG
v.
BOLIVIA LUMBER COMPANY and Jack Irvin.
85-1002.
Supreme Court of Alabama.
September 11, 1987.
Rehearing Denied November 6, 1987.
*522 William H. Saliba, Mobile, for appellant.
Alton R. Brown and Michael S. McGlothren of Brown, Hudgens, Richardson, Mobile, for appellees.
STEAGALL, Justice.
This appeal arises out of an automobile accident. The plaintiff, Charing L. Wang, appeals from a judgment based on a jury verdict in favor of the defendants, Jack Irvin and Bolivia Lumber Company. We affirm.
Plaintiff filed a complaint against defendants in the Circuit Court of Mobile County. Plaintiff alleged personal injuries as a result of her automobile's being struck from behind by an eighteen-wheel truck. The truck was owned by Bolivia Lumber Company and was driven by Jack Irvin. The case proceeded to trial on March 26, 1986, with plaintiff alleging two theories: negligence and wantonness. At the end of the plaintiff's case, the defendants moved for a directed verdict on both counts. The trial court granted the directed verdict as to the wantonness count and denied it as to the negligence count. The jury returned a verdict for the defendants on March 27, 1986. The plaintiff then filed a motion for new trial, which was denied by the trial court. Plaintiff raises several issues on appeal.
Plaintiff's first argument is that, during the qualification of the jury, she should have been allowed to ask members of the jury venire what effects, if any, the recent "propaganda" supplied by insurance companies would have on their decision in this case. The trial court refused to allow the questioning, finding that the inquiry had no benefit and would have clouded the jury's reasoning upon deliberation of the case.
In Heath v. State, 480 So.2d 26, 28 (Ala. Crim.App.1985), the Court of Criminal Appeals stated:
"`[W]hile wide latitude should be accorded the parties in their voir dire examination of prospective jurors touching their qualifications, interest or bias, the extent of the examination is largely discretionary with the trial court.' Welborn v. Snider, 431 So.2d 1198, 1201 (Ala.1983). Although a liberal inquiry should be afforded counsel, the scope of voir dire examination is within the sound discretion of the trial judge."
We cannot say that the trial court abused its discretion on this issue.
The plaintiff next asserts that she should have been granted a directed verdict on the issue of liability based upon the following remark made by the defendants' counsel during his opening statement:
"MR. BROWN: The reason we're in court today is because she was trying to get something that we think she was not entitled to; more money that she was entitled to."
Based upon this remark, plaintiff made a motion for directed verdict on the issue of liability. The trial court denied the motion.
Pursuant to Rule 50, A.R.Civ.P., a motion for directed verdict tests the sufficiency of the evidence. See 9 Wright & Miller, Federal Practice & Procedure, § 2537, n. 31 (1971). In Horton v. Continental Volkswagen, Inc., 382 So.2d 551, 552 (Ala. 1980), this Court stated that "it is a truism that opening statements are not evidence." The remark of counsel during his opening statement was not evidence; therefore, the trial court was correct in denying plaintiff's motion for directed verdict.
Plaintiff's next argument is that the trial court committed error by not allowing a therapist's report into evidence.
During plaintiff's direct examination of Dr. Lopez, plaintiff sought to introduce into evidence a therapist's report, which Dr. Lopez did not rely upon in making his *523 diagnosis. The following colloquy occurred at trial:

"REDIRECT EXAMINATION"
"BY MR. SALIBA:
"(Plaintiff's Exhibit Number 5 was marked for identification)
"Q. Doctor, I show you what has been marked as Plaintiff's Exhibit Number 5
"MR. BROWN: For identification.
"Q. for identification and ask you if you recognize
"THE COURT: Sounds like you intend to object to that.
"MR. BROWN: Yes, Your Honor.
"Q. if you recognize
"MR. BROWN: Your honor, I'll just object now because that is a report of the therapist apparently to the doctor here and that would be his finding and not this doctor.
"THE COURT: It would be hearsay.
"MR. BROWN: It's hearsay, yes, sir.
"THE COURT: Sustain.
"Q. Was that [plaintiff's exhibit # 5] used in any way in forming your diagnosis or opinions, [making] any prognosis as to Ms. Wang's condition?
"A. No, I [didn't] use this as a basis for my treatment and diagnosis."
In Brackin v. State, 417 So.2d 602, 606 (Ala.Cr.App.1982), the Court of Criminal Appeals, quoting C. Gamble, McElroy's Alabama Evidence, § 110.01(3) (3d ed. 1977), stated:
"`[E]xpert witnesses, even physicians, cannot testify to the opinions of others in giving their opinions.' Carroll v. State, 370 So.2d 749, 758 (Ala.Cr.App.), cert. denied, 370 So.2d 761 (Ala.1979).
"`The traditional rule in this country has been that an expert, in giving his opinion, cannot rely upon the opinion of others. The basis for this rule of exclusion has been that such testimony is based upon what others have said, and, consequently, constitutes hearsay. In light of this rule a physician-witness' testimony to his opinion with respect to the condition of his patient may not be supported by testimony by such witness that certain opinions or reports of radiologists, concerning the patient had been made to him by other physicians.'"
Based upon the above, we hold the trial court was correct in excluding the therapist's report.
The next issue is whether the trial court erred in refusing to allow plaintiff to read into evidence certain pages in Dr. Faget's deposition. This case proceeded to trial with plaintiff alleging that on April 1, 1985, she incurred injuries to the back and neck. The portions of Dr. Faget's deposition that the court refused to admit related to conditions not pertinent to the plaintiff's alleged back and neck injuries.
In Ryan v. Acuff, 435 So.2d 1244, 1250 (Ala.1983), this Court stated that "[q]uestions of materiality, relevancy, and remoteness rest largely with the trial judge, and his rulings must not be disturbed unless his discretion has been grossly abused." (Citations omitted.)
The court did not abuse its discretion by excluding testimony that was not pertinent to plaintiff's alleged neck and back injuries.
The next issue is whether the trial court erred in directing a verdict for the defendants on the issue of wantonness at the close of the plaintiff's case.
In Pate v. Sunset Funeral Home, 465 So.2d 347, 349 (Ala.1984), this Court stated:
"What constitutes wanton misconduct depends upon the facts presented in each particular case. Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97 (1970). In order for the trial court to find a party guilty of wanton conduct, it must be shown that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some know duty, and that this act or omission produced the injury. Roberts v. Brown, 384 So.2d 1047 (Ala. 1980); Britton v. Doehring, 286 Ala. 498, 242 So.2d 666 (1970)." (Emphasis added.)
A review of the record reveals that as the defendants' truck approached the intersection the traffic light turned yellow, and defendant Irvin applied the brakes but was *524 unable to stop the truck, and lost control of it as it began to slide sideways and into the rear of the plaintiff's automobile. Light skid marks were found leading up to the point of impact. The defendants' truck was not in the same lane of traffic as the plaintiff when the truck approached the intersection. The police officer who investigated the accident testified, in response to a question by plaintiff's counsel, that he did not think the truckdriver was driving in excess of the speed limit, due to the load he had on the truck. The plaintiff testified that it had rained earlier in the day, but that at the time of the accident the sun was shining.
The facts in the instant case are similar to the facts in Wilson v. Cuevas, 420 So.2d 62 (Ala.1982), and Hughes v. Southern Haulers, Inc., 379 So.2d 601 (Ala.Civ.App. 1979), where directed verdicts in favor of the defendants on wantonness counts were upheld.
Viewing the evidence in a light most favorable to the non-moving party, this Court finds no evidence that the defendants acted in a wanton manner. Therefore, we hold that the trial court was correct in granting defendants' motion for directed verdict on the issue of wantonness.
Plaintiff's next argument is that the trial court erred in recharging the jury by charging the jury only on the meaning of reasonable care and simple negligence. No exceptions or objections were made at trial; therefore, the issue was not preserved for our review.
The next issue is whether the trial court erred in denying plaintiff the opportunity to address in closing argument the failure of the defendants to call a particular witness.
During closing argument, defense counsel drew inferences and made conclusions based upon his own reasoning concerning alleged findings of Dr. Zarzour, who was not called as a witness by either party. The following colloquy occurred during closing arguments:
"MR. BROWN: Dr. Zarzour, the orthopedic examined her one time. She didn't like what he found, which was nothing, just like the others.
"MR. SALIBA: Judge, I'm going to object. There was not testimony to that effect at all.
"THE COURT: Ladies and gentlemen, y'all determine what the testimony is. I'll instruct you on that later.
"(Mr. Brown concluded his closing statement to the jury.)
"(Mr. Saliba made a final statement to the jury, during which the following occurred:)
"MR. SALIBA: And they've chosen not to submit Dr. Zarzour.
"MR. BROWN: Now, if your honor please, we're going to object to his arguing that we failed to call Dr. Zarzour. He's readily available to him.
"THE COURT: Sustain. He's equally available to both sides. Sustain."
Plaintiff's counsel, Mr. Saliba, argues that the trial court erred in not allowing him to proceed with his statement concerning Dr. Zarzour.
Pertaining to closing statements made by counsel, this Court, in Fountain v. Phillips, 439 So.2d 59, 64 (Ala.1983), quoted earlier cases with approval:
"`[W]e "will not too narrowly criticize arguments of counsel in the matter of inferences drawn for illustration or figures of speech adopted in pressing a point." Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 578, 80 So.2d 288, 295; Jones v. Colvard, 215 Ala. 216, 218, 109 So. 877. Nor should we encroach on the trial court's discretion in the matter of argument of counsel. "Much must be left in such matters to the enlightened judgment of the trial court, with presumptions in favor of the ruling." Smith v. Reed, 252 Ala. 107, 112, 39 So.2d 653, 657; Birmingham Electric Co. v. Mann, 226 Ala. 379, 381, 147 So. 165, 166.'" We find no error in the trial court's ruling.
Plaintiff next argues that the trial court erred in denying her motion for a new trial.
In Smith v. Blankenship, 440 So.2d 1063 (Ala.1983), this Court held:
"Ordinarily, the denial of a motion for new trial rests within the sound discretion *525 of the trial court. This court will not disturb the trial court's ruling unless the record plainly shows the trial court to be in error in its action on such a motion. Hill v. Cherry, 379 So.2d 590, 592 (Ala. 1980). Furthermore, jury verdicts are presumed correct and that presumption is strengthened when the trial court denies a motion for new trial. Finance, Inv. & Rediscount Co. v. Wells, 409 So.2d 1341, 1343 (Ala.1981)."
We find no error in the trial court's denial of the motion for new trial. We note that this standard of review is different from the standard of review applied to the granting of a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence. See Jawad v. Granade, 497 So.2d 471 (Ala.1986).
The final issue presented by plaintiff concerns negligent entrustment. This issue does not appear to have been raised or pleaded at trial. In Smiths Water Authority v. City of Phenix City, 436 So.2d 827, 830 (Ala.1983), this Court stated: "It is well established that this Court will not consider a theory or issue where it was not pleaded or raised in the trial court." (Citations omitted.)
Having considered and addressed all of the plaintiff's arguments, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, J., concur.
BEATTY and HOUSTON, JJ., concur in the result.
ALMON, J., not sitting.
HOUSTON, Justice (concurring in the result).
See my dissent in Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987).
BEATTY, J., concurs.